# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERNET MEDIA INTERACTIVE CORP., <br><br> Plaintiff, <br><br> v. <br><br> SHOPIFY INC., <br><br> Defendant. | Case No. 20-416-MN |

**DEFENDANT'S OPENING BRIEF IN SUPPORT OF ITS MOTION FOR**
**AWARD OF ATTORNEY FEES UNDER 35 U.S.C. § 285**

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........ 1

II. NATURE AND STAGE OF PROCEEDINGS ........ 2

III. SUMMARY OF ARGUMENT ........ 2

IV. STATEMENT OF FACTS ........ 3

V. THE COURT SHOULD FIND THIS CASE EXCEPTIONAL UNDER § 285 ........ 5

- A. Shopify is the prevailing party under § 285. ........ 6
- B. IMI's behavior in bringing this case was unreasonable and it should never have brought this case. ........ 6
- C. IMI's litigation conduct in effectuating its scheme to extract nuisance settlements is also unreasonable and deterrence is necessary. ........ 8
- D. IMI should be required to pay $45,332.00 in attorney fees. ........ 11

VI. CONCLUSION ........ 11

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
    797 F.3d 1020 (Fed. Cir. 2015) ............................................................................................... 4

*Alice Corp. Pty. Ltd. v. CLS Bank Int'l*,
    573 U.S. 208 (2014) ................................................................................................................. 4

*Central Soya Co. v. Geo. A. Hormel & Co.*,
    723 F.2d 1573 (Fed. Cir. 1983) ............................................................................................. 11

*Edekka LLC v. 3balls.com, Inc.*,
    2015 WL 9225038 (E.D. Tex. Dec. 17, 2015) ........................................................................ 9

*Internet Media Corp. v. Dell Inc.*,
    No. 1-05-cv-00633 (D. Del. Aug. 29, 2005) ........................................................................... 3

*Internet Media Corp. v. Hearst Newspapers LLC*,
    No. 1-10-cv-690 (D. Del. Jan. 13, 2011) ................................................................................ 3

*Internet Media Interactive Corp. v. CDW LLC*,
    No. 1-16-cv-11501 (N.D. Ill. Feb, 21, 2017) .......................................................................... 4

*Internet Media Interactive Corp. v. The Coca-Cola Co.*,
    No. 1-18-cv-00975 (D. Del. Aug. 15, 2018) ........................................................................... 4

*Internet Media Interactive Corp. v. Exelon Corp.*,
    No. 1-16-cv-11499 (N.D. Ill. Feb. 17, 2017) .......................................................................... 3

*Inventor Holdings, LLC v. Bed Bath & Beyond, Inc.*,
    876 F. 3d 1372 (Fed. Cir. 2017) ............................................................................................. 5

*Keith Mfg. v. Butterfield*,
    955 F.3d 936 (Fed. Cir. 2020) ................................................................................................. 6

*Lumen View Tech., LLC v. Findthebest.com, Inc.*,
    24 F. Supp. 3d 329 (S.D.N.Y. 2014) ...................................................................................... 9

*My Health, Inc. v. ALR Techs., Inc.*,
    2017 WL 6512221 (E.D. Tex. Dec. 19, 2017) ...................................................................... 10

*Novartis Corp. v. Webvention Holdings LLC*,
    No., 2015 WL 6669158 (D. Md. Oct. 28, 2015) .................................................................... 9

**TABLE OF AUTHORITIES (*continued*)**

**Page**

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
    572 U.S. 545 (2014) .................................................................................................. 5, 6

*SFA Sys., LLC v. Newegg Inc.*,
    793 F.3d 1344 (Fed. Cir. 2015) ................................................................................. 6, 9

*Shipping & Transit, LLC v. 1A Auto, Inc.*,
    283 F. Supp. 3d 1290 (S.D. Fla. 2017) ..................................................................... 9, 10

*Shipping & Transit, LLC v. Hall Enters., Inc.*,
    2017 WL 3485782 (C.D. Cal. July 5, 2017) ................................................................. 9

*VOIT Techs., LLC v. Del-Ton, Inc.*,
    2018 WL 3732671 (E.D.N.C. Aug. 6, 2018) ................................................................ 10

ME1 33603094v.1

## I.     INTRODUCTION

Internet Media Interactive Corp. ("IMI") epitomizes a serial plaintiff: To date, IMI has filed a total of seventy-seven cases asserting the same patent, with fifty-nine cases having been brought after the patent expired nearly four years ago. IMI files suit after suit, using a formulaic complaint that it files against each defendant regardless of who the defendant is, where it is located or what the defendant does. Rather, in each of the last sixty-three cases, IMI has alleged infringement based on the defendant's use of Twitter, and in the last fifty-five of those cases, IMI has simply reused the same basic complaint. Despite its prolific filings, IMI does not want to litigate these cases—the cases last an average of 99 days. IMI, instead, wants the case to end quickly, with the defendant choosing to settle rather than incur the high cost of defending the case. For the few defendants who choose to challenge the allegations, IMI strategically dismisses the case before the Court can reach the merits, or, as here, before the defendant can file a motion to dismiss that would derail IMI's ability in later cases to extract quick payments after filing suit.

Here, Shopify Inc. ("Shopify") declined to engage with IMI in its payment demands and chose to challenge IMI's claims through a motion to dismiss. That motion, which is attached as Exhibit 1 to the Reiter Declaration, attacked the absence of personal jurisdiction, the absence of service of the complaint, the absence in the complaint of any facts alleging infringement prior to the patent's expiration, the absence of any facts supporting the alleged divided infringement, and the absence of patent-eligible subject matter in the asserted patent. The morning of the day Shopify was due to respond to the complaint, IMI dismissed its complaint with prejudice, asserting, without having conferred with Shopify and without Shopify's agreement, that each party should bear its own costs and fees. The form of the dismissal made it appear that Shopify had settled with IMI.

IMI should not have filed the complaint against Shopify, and Shopify should not have had to bear the expenses associated with preparing a defense to that filing. Respectfully, the Court

1

should not reward IMI's predatory litigation. Instead, pursuant to Federal Rule of Civil Procedure 54(d)(2) and 35 U.S.C. § 285, the Court should find this case exceptional and award Shopify its reasonable attorney fees for the time spent preparing its motion to dismiss in response to IMI's complaint.

## II.   NATURE AND STAGE OF PROCEEDINGS

On March 25, 2020, IMI filed its complaint against Shopify alleging that Shopify's use of Twitter or other unnamed "online medium" infringes at least claim 11 of the '835 patent. *See* Compl. (D.I. 1). Shortly after it filed the complaint, IMI contacted Shopify's counsel to begin negotiations for a "fully paid-up license." In April 2020, in purported support for the payment associated with the proposed license, IMI shared with Shopify a "True Advertising Value Calculation" that identified IMI's license calculation and license fee. *See* Reiter Decl. ¶ 3. Also in April, Shopify analyzed IMI's complaint and allegations—an analysis for which Shopify is not seeking fees. *See id.* ¶ 2. Based on that analysis, Shopify chose not to engage with IMI regarding its payment demands and began diligently preparing a motion to dismiss. *See id.* ¶ 4. On May 29, 2020, the day Shopify's response was due, without prior notice, IMI dismissed the case with prejudice noting that all parties would bear its own costs and fees. (D.I. 15). Shopify had not agreed to bear those expenses. *See* Reiter Decl. ¶ 5.

## III.   SUMMARY OF ARGUMENT

Section 285 of the Patent Statute (Title 35) gives the Court discretion to award reasonable attorney fees for "exceptional" cases. This case is exceptional for several reasons. First, IMI's behavior in bringing this case was unreasonable. IMI filed the complaint without investigating whether personal jurisdiction existed and, even after having been told twice that it had failed to serve the complaint, IMI took no steps to cure that defect. Because IMI reused its formulaic complaint without alleging the proper factual details, the applicability of some of the allegations

2

to Shopify are tenuous (at best) and do not make sense in context. IMI also failed to account for the fact its patent is expired when alleging acts of infringement and failed to consider developments in the case law that objectively render its patent ineligible under § 101. Second, IMI's overall litigation conduct is unreasonable. It has filed virtually identical complaints in fifty-five cases with the purpose of extracting a nuisance settlement but with no intention of testing the merits of the case, as its serial filings and early voluntary dismissals demonstrate. Courts have consistently found this type of conduct exceptional and awarded attorney fees.

## IV. STATEMENT OF FACTS

IMI is a serial plaintiff who has abused the litigation system by filing a total of seventy-seven cases against various defendants for infringement of U.S. Patent No. 6,049,835 ("the '835 patent"). IMI filed its first case in 2005. *See Internet Media Corp. v. Dell Inc.*, No. 1-05-cv-00633 (D. Del. Aug. 29, 2005), D.I. 1. That case lasted through claim construction, after which the parties settled. Armed with a claim construction order, IMI began suing other defendants. Starting in 2015, IMI pivoted its infringement strategy and began accusing defendants' use of Twitter as infringing its patent. The current version of the complaint, which was used against Shopify, has been used in the fifty-five most recent cases. *See, e.g.*, Reiter Decl., Ex. 1 at 37–44, 47–55, 58–66.

IMI's litigation history shows that it never has more than approximately three to four active cases at any given time, perhaps to prevent any joint efforts on the defendants' part. More recently, IMI has begun to diversify its litigation by suing defendants in different district courts likely to further prevent any judicial efficiencies. *See id.*, Ex. 2. Aside from the first case, defendants in only four other cases filed any type of response to IMI's complaint: Defendants in two cases filed a motion to dismiss, and defendants in two other cases answered the complaint. *See Internet Media Corp. v. Hearst Newspapers LLC*, No. 1-10-cv-690 (D. Del. Jan. 13, 2011), D.I. 7; *Internet Media*

3

*Interactive Corp. v. Exelon Corp.*, No. 1-16-cv-11499 (N.D. Ill. Feb. 17, 2017), D.I. 13; *Internet Media Interactive Corp. v. CDW LLC*, No. 1-16-cv-11501 (N.D. Ill. Feb. 21, 2017), D.I. 15; *Internet Media Interactive Corp. v. The Coca-Cola Co.*, No. 1-18-cv-00975 (D. Del. Aug. 15, 2018), D.I. 7.  In all four cases, IMI voluntarily dismissed the complaint before getting much farther in the litigation.  And while IMI has thus far avoided a § 101 challenge, the '835 patent fails to claim patent-eligible subject matter, as Shopify's motion to dismiss explains.  *See* Reiter Decl., Ex. 1 at 1–25 (Motion to Dismiss).

As explained above, rather than surrender to IMI's unfounded demands, Shopify prepared a motion to dismiss.  *See id.*  The motion sought dismissal for the following reasons:

- The Court lacked personal jurisdiction over the sole named defendant, Shopify Inc., which is a Canadian corporation that has no relevant contacts with the District of Delaware.

- IMI failed to serve Shopify domestically or outside of the United States in accordance with Federal Rules of Civil Procedure 4(f) and 4(h).

- The complaint, which alleged a divided infringement theory, failed to provide any facts that plausibly demonstrate Shopify directed and controlled the actions of end users as required by *Akamai*.  *See Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022–23 (Fed. Cir. 2015) (en banc).

- The complaint failed to allege an act of infringement that occurred prior to the expiration of the '835 patent in August 2016.

- The claims of the '835 patent are directed to patent-ineligible subject matter under 35 U.S.C. § 101.  Independent claim 11, which IMI appeared to assert as the representative claim, is directed to the abstract idea of publishing a collection of information and accessing web content using generic computer technology.  IMI failed to allege any inventive concept that would transform the abstract idea into patent-eligible subject matter.  *See Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208, 217 (2014).

Shopify expended considerable effort and expense preparing the motion.

As detailed in the attached Declaration of Mark N. Reiter, counsel for Shopify, Mr. Reiter and an associate, Audrey Yang, prepared the motion to dismiss.  Reiter Decl. ¶ 4.  Mr. Reiter is a partner at Gibson, Dunn & Crutcher LLC ("Gibson Dunn") and a co-chair of Gibson Dunn's

4

Intellectual Property Group. Ms. Yang is an associate at Gibson Dunn. Between May 6, 2020 and May 28, 2020 (the day before the motion was to be filed), Ms. Yang spent 39.1 hours preparing the motion. *Id.* ¶ 10. Ms. Yang's billing rate is $805 per hour. *Id.* ¶ 12. Mr. Reiter spent 10.7 hours addressing IMI's claims and preparing the motion. *Id.* ¶ 9. Mr. Reiter's billing rate is $1,295 per hour. *Id.* ¶ 12. Together this time amounts to $45,332.00 in fees incurred by Shopify. *Id.*

## V. THE COURT SHOULD FIND THIS CASE EXCEPTIONAL UNDER § 285

Under 35 U.S.C. § 285, the "prevailing party" in "exceptional" patent cases may be awarded reasonable attorney fees. "[A]n 'exceptional case' is simply one that stands out from others with respect to" either (a) "the substantive strength of a party's litigating position" or (b) "the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). The "substantive strength" of a party's litigating position should be evaluated "considering both the governing law and the facts of the case." *Id.* A party's unreasonable litigation conduct may also render the case exceptional. *Id.* Under this rubric, "sanctionable conduct is not the appropriate benchmark." *Id.* at 555. Instead, "a district court may award fees in the rare case in which a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees." *Id.*

The determination of whether a case is "exceptional" is committed to the discretion of the district court. *Id.* at 554. There is "no specific evidentiary burden, much less a high one" under § 285. *Id.* at 557. The Court may consider "the totality of the circumstances," including the need to serve the provision's primary purposes of deterring baseless or unreasonable litigation and compensating parties that prevail over such conduct. *Id.* at 554. Indeed, courts have found the need to deter litigation based on weak arguments itself reason enough to find a case exceptional and award fees. *See, e.g.*, *Inventor Holdings, LLC v. Bed Bath & Beyond, Inc.*, 876 F.3d 1372,

5

1377–78 (Fed. Cir. 2017). Additionally, "a pattern of litigation abuses characterized by the repeated filing of patent infringement actions for the sole purpose of forcing settlements, with no intention of testing the merits of one's claims, is relevant to a district court's exceptional case determination under § 285." *SFA Sys., LLC v. Newegg Inc.*, 793 F.3d 1344, 1350 (Fed. Cir. 2015). The Court may also consider a party's "frivolousness, motivation, [and] objective unreasonableness." *Octane Fitness*, 572 U.S. at 554 n.6.

### A.  Shopify is the prevailing party under § 285.

Dismissal by a plaintiff *with prejudice* constitutes a final judgment and bestows prevailing party status on the defendant. *Cf. Keith Mfg. v. Butterfield*, 955 F.3d 936, 940 (Fed. Cir. 2020). Here, IMI filed a voluntary dismissal with prejudice. Thus, Shopify is the prevailing party.

### B.  IMI's behavior in bringing this case was unreasonable and it should never have brought this case.

IMI had no intention of pursuing its claims against Shopify. While that is now clear, it was far from clear to Shopify prior to IMI's notice of dismissal on May 29, 2020. Shopify took the claims seriously and prepared a serious defense, as the attached Motion to Dismiss, which Shopify incorporates by reference, evidences. *See* Reiter Decl., Ex. 1 at 1–25. In addition to showing the effort expended by Shopify, the Motion also shows the objective unreasonableness of IMI's lawsuit. As noted, IMI's suit was defective and unreasonable for several reasons.

First, it is evident from IMI's use of its recycled complaint that it had performed no research into whether personal jurisdiction over Shopify was proper in Delaware. Curiously, IMI already knew that Shopify was a Canadian corporation with its principal place of business in Canada, *see* Compl. ¶ 5, yet it nevertheless decided to move forward with suing Shopify in Delaware. Not surprisingly, IMI failed to allege any facts establishing personal jurisdiction over Shopify in Delaware besides bare, conclusory allegations, which were simply copies of statements from IMI's

prior complaints. *See, e.g.*, Reiter Decl., Ex. 1 at 49–50, 60–61.  The lack of any specificity to Shopify shows that IMI undertook no efforts to ascertain whether personal jurisdiction was proper in Delaware prior to filing suit.  That lack of due diligence is unreasonable.

Second, as evidence that IMI had no intention of litigating this case, IMI took no steps to properly serve Shopify even after being told repeatedly that Shopify had not been properly served.  *See id.*, Ex. 1 at 33, 35.  IMI's indifference to a necessary and significant step in initiating a lawsuit only further illustrates its lack of intent in pursuing the case, and rather that it was hoping for a quick settlement.  This motive for bringing a case is unreasonable.

Furthermore, IMI's entire complaint for patent infringement is riddled with problems, including the accused products, the accused actors, and the asserted patent.  *See id.*, Ex. 1 at 1–25.  To begin with, IMI alleges that Shopify "distributes advertisements through various media that instruct recipients to enter a code to redirect to a new location." Compl. ¶ 6.  However, later on, it appears that IMI alleges only that Shopify's use of Twitter and "other online medium" as infringing. *Id.* ¶ 12.  This inconsistency, *i.e.*, the alleged distribution of advertisements as opposed to simply posting on Twitter, demonstrates IMI's failure to undertake any investigation or allege any facts that would support a probable claim of infringement against Shopify.  Moreover, the reference to "advertisements" appears to be a remnant of an older version of IMI's complaints, where it accused a defendant's use of QR codes in its advertisements as infringing its patent.  *See Internet Media Interactive Corp. v. The Gillette Co.*, No. 1:13-cv-2084 (D. Del. Dec. 23, 2013), D.I. 1 at 2–3.  For whatever reason, IMI chose to leave this wording in, even though it makes little sense in a case against Shopify.  These nonsensical allegations only underscore the little effort IMI put forth before filing suit and the unreasonableness of the case.

7

As explained in further detail in Shopify's motion to dismiss, IMI then relies on the acts of multiple, unrelated actors (Shopify, Sprinklr, and an internet user) for its infringement claim. From the complaint, it appears IMI understands that to allege infringement involving multiple actors it must allege facts necessary to set forth a divided infringement claim under *Akamai*. *See* Compl. ¶ 13. In the complaint, however, IMI fails to allege divided infringement under any of the theories established in *Akamai*—IMI only cites the *Akamai* decision as if that provides some factual support. *See* Reiter Decl., Ex. 1 at 18–20. If the facts in the complaint represent the extent of knowledge that IMI had prior to filing suit, then it was unreasonable for IMI to think its claim was anything but baseless.

Finally, IMI failed to take into account the fact that its '835 patent is expired and ineligible before filing its complaint. As an expired patent, IMI was required to allege in the complaint an act of infringement prior to the patent's expiration, but not more than six years prior to the filing of the complaint. IMI provided no such allegation in the complaint. IMI also failed to consider developments in the case law that objectively render the '835 patent ineligible under § 101. *See id.*, Ex. 1 at 21–24. After *Alice*, cases addressing § 101 have held that patents, such as the '835 patent, which are directed to the abstract idea of collecting and displaying information and do so using only generic computer components, fail to claim patent-eligible subject matter. *See id.* Thus, for all of these reasons, it was objectively unreasonable for IMI to bring this case against Shopify, and thus, this case is exceptional. *See Inventor Holdings*, 876 F.3d at 1377–78.

### C. IMI's litigation conduct in effectuating its scheme to extract nuisance settlements is also unreasonable and deterrence is necessary.

In addition to this baseless suit, IMI has sued a large number of defendants to extract payments. Indeed, as soon as it filed its complaint, IMI contacted Shopify to begin good faith negotiations for a fully paid-up license. As noted, however, given the many defects in the

8

complaint and with the patent itself, and based on Shopify's own research into IMI's claims, Shopify decided not to engage in those "negotiations." *See* Reiter Decl. ¶ 4. Nonetheless, IMI appeared to be positioning itself to offer a settlement value well below the cost of defense in an attempt to extract a nuisance settlement, which justifies an exceptional case finding. *See SFA Sys.*, 739 F.3d at 1350–51.

Several district courts throughout the country have found cases exceptional under § 285 and awarded defendants attorney fees with very similar facts—a serial plaintiff brings a weak claim against multiple defendants for the purpose of extracting nuisance settlements. Then, the plaintiff voluntarily dismisses the case before the court can evaluate the merits of the claims:

- In *Lumen View Tech., LLC v. Findthebest.com, Inc.*, 24 F. Supp. 3d 329, 336 (S.D.N.Y. 2014), *aff'd*, 811 F.3d 479 (Fed. Cir. 2016), the court determined that

  > [t]he boilerplate nature of Lumen's complaint, the absence of any reasonable pre-suit investigation, and the number of substantially similar lawsuits filed within a short time frame, suggests that Lumen's instigation of baseless litigation is not isolated to this instance, but is instead part of a predatory strategy aimed at reaping financial advantage from the inability or unwillingness of defendants to engage in litigation against even frivolous patent lawsuits.

- In *Novartis Corp. v. Webvention Holdings LLC*, No. 11-cv-3620, 2015 WL 6669158, at *4 (D. Md. Oct. 28, 2015), the court reasoned that the patentee was aggressive in trying to seek settlements or licensing agreements both prior to filing a case and after it had sued. *Id.* The court found this behavior and the initiation of "scores of lawsuits over a short period of time" to be predatory and thus an exceptional case finding was warranted. *Id.*

- In *Edekka LLC v. 3balls.com, Inc.*, No. 2:15-cv-541-JRG, 2015 WL 9225038, at *4 (E.D. Tex. Dec. 17, 2015), the court cited to the plaintiff's "litigation history," "which includes filing strikingly similar lawsuits against over 200 defendants—reflects an aggressive strategy that avoids testing its case on the merits and instead aims for early settlements falling at or below the cost of defense." *Id.*

- In *Shipping & Transit, LLC v. Hall Enters., Inc.*, No. 16-cv-6535, 2017 WL 3485782, at *7–8 (C.D. Cal. July 5, 2017), the court determined that (1) there were a large number of similar cases and (2) the plaintiff would repeatedly voluntarily dismiss the case with prejudice with the few challenges that did occur "to evade a ruling on the merits and yet persists in filing new lawsuits advancing the same claims." *Id.*

9

- In *Shipping & Transit, LLC v. 1A Auto, Inc.*, 283 F. Supp. 3d 1290, 1302 (S.D. Fla. 2017), the court found "that Plaintiff's motivation in filing this and scores of other actions was not (as Plaintiff claims) a legitimate exercise of its patent rights. Rather, it seems that Plaintiff executed a calculated business strategy to secure relatively small and quick settlements from defendants who wished to avoid protracted and costly patent litigation." *Id.*

- In *My Health, Inc. v. ALR Techs., Inc.*, No. 2:16-cv-535-RWS-RSP, 2017 WL 6512221, at *5 (E.D. Tex. Dec. 19, 2017), the court reasoned that while "a volume litigant does not automatically expose himself to attorneys' fees simply because he files a lot of lawsuits," "the number of lawsuits filed by My Health, many of which settled right on the cusp of a merits determination (most for similar amounts), supports the conclusion that My Health was filing lawsuits 'for the sole purpose of forcing settlements, with no intention of testing the merits of [the] claims.'" *Id.* (quoting *SFA Sys.*, 793 F.3d at 1350).

- In *VOIT Techs., LLC v. Del-Ton, Inc.*, No. 5:17-cv-259-BO, 2018 WL 3732671, at *1 (E.D.N.C. Aug. 6, 2018), the court found that the "pattern of litigation" where the plaintiff "filed suit based on the expired patent . . . 37 times in fifteen months" to be "problematic and deterrence is warranted." *Id.* The court also noted that "[m]ost of the cases were resolved by settlement, some even before the filing of an answer," which led to the "conclusion that plaintiff was fishing for settlements." *Id.*

As these cases demonstrate, district courts have consistently found this type of behavior (filing similar lawsuits against many defendants and dismissing the case early in litigation) exceptional. Moreover, without proper deterrence, there is nothing to discourage IMI from continuing to effectuate its scheme of forcing defendants to choose whether to take on the high costs of litigation or settle with IMI for a nuisance value. In fact, as soon as it dismissed the case against Shopify, IMI immediately filed two new complaints against two new defendants in two different district courts (one in this Court). Unsurprisingly, the two new complaints look identical to the one filed against Shopify. *See* Reiter Decl., Exs. 3–4. Furthermore, for defendants like Shopify, who have chosen to defend the case, IMI's tactic of voluntarily dismissing the case with prejudice to make it appear as if a settlement had been reached, eliminates Shopify's ability to file anything substantive on the docket. This can only lead to one conclusion—IMI had no intention of fighting the case on its merits because it knew it has an objectively baseless case.

### D. IMI should be required to pay $45,332.00 in attorney fees.

As part of its own doing, by filing this baseless case, IMI opened itself to the possibility of the defendants spending time preparing a response as well as a § 285 motion. Two attorneys from Gibson Dunn spent time preparing a motion to dismiss in this case. While the motion was not filed—because IMI dismissed its case the morning the motion was due, the motion was complete (*see* Reiter Decl., Ex. 1), and Shopify should be awarded attorney fees for the time spent. Mr. Reiter spent 10.7 hours at an hourly rate of $1,295. Reiter Decl. ¶ 12. This time was spent analyzing IMI's claims, communicating and coordinating with Shopify and Delaware counsel, and preparing Shopify's motion to dismiss. *Id.* ¶ 9. Ms. Yang spent 39.1 hours at an hourly rate of $805. *Id.* ¶ 10. This time was spent drafting Shopify's motion to dismiss, including researching IMI's past litigation history and performing the requisite legal research. *Id.* The total fees incurred by Shopify were $45,332.00.[1] *Id.* ¶ 12. Under the circumstances, these efforts and fees are reasonable.

## VI.   CONCLUSION

As of the filing of this motion, IMI has brazenly filed the same complaint against Shopify that it has filed in fifty-four other cases. Courts around the country have determined that this type of predatory serial litigation makes a case exceptional and have awarded attorney fees in order to deter this kind of behavior. Accordingly, Shopify respectfully requests that this Court find this case exceptional and award reasonable attorney fees.

---

[1] Shopify's Delaware counsel also incurred additional fees in preparing the motion to dismiss; however, Shopify is not seeking those fees.

| | |
|---|---|
| Dated: June 12, 2020 | Respectfully submitted, |
| | MCCARTER & ENGLISH, LLP |
| OF COUNSEL: | */s/ Daniel M. Silver* |
| | Daniel M. Silver (#4758) |
| Mark Reiter | Alexandra M. Joyce (#6423) |
| Y. Audrey Yang | Renaissance Center |
| GIBSON, DUNN & CRUTCHER LLP | 405 N. King Street, 8th Floor |
| 2001 Ross Avenue, Suite 2100 | Wilmington, DE 19801 |
| Dallas, TX 75201 | (302) 984-6300 |
| (214) 698-3100 | dsilver@mccarter.com |
| mreiter@gibsondunn.com | ajoyce@mccarter.com |
| ayang@gibsondunn.com | |
| | *Attorneys for Defendant Shopify, Inc.* |
| Brian M. Buroker | |
| GIBSON, DUNN & CRUTCHER LLP | |
| 1050 Connecticut Avenue, N.W. | |
| Washington, DC 20036-5306 | |
| (202) 955-8500 | |
| bburoker@gibsondunn.com | |

12