# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **INTERNET MEDIA INTERACTIVE CORP.,** | |
| **Plaintiff,** | |
| **v.** | **Case No.: 1:20-cv-00416-MN** |
| **SHOPIFY INC.,** | |
| **Defendant.** | |

## INTERNET MEDIA INTERACTIVE CORP.'S ANSWERING BRIEF
## IN OPPOSITION TO SHOPIFY INC.'S MOTION UNDER 35 U.S.C. § 285

George Pazuniak (DE Bar 478)
O'KELLY & ERNST, LLC
824 N Market St, Ste 1001A
Wilmington, DE 19801
Phone: (302) 478-4230
Fax: (302) 295-2873
gp@del-iplaw.com

***Attorney for Plaintiff,***
***Internet Media Interactive Corp.***

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

I.      STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS ................. 1

II.     SUMMARY OF ARGUMENT ...................................................................................... 1

III.    STATEMENT OF FACTS .............................................................................................. 1

        A.      Present Litigation ................................................................................................ 1

        B.      Shopify Had Designated The Corporation Trust Company As Its Agent .............. 2

        C.      Shopify Never Raised Its Asserted Deficiencies Prior To Dismissal .................... 3

IV.     ARGUMENTS ................................................................................................................ 3

        A.      Shopify Is Not A Prevailing Party ....................................................................... 3

        B.      Shopify Has Not Presented An Adequate Record to Support § 285 Fees .............. 5

        C.      Shopify Never Gave Notice Of Deficiencies To IMIC ......................................... 6

        D.      Shopify Contradicts Governing Law In Arguing Deficiencies in IMIC's Case ..... 7

                1.      Personal Jurisdiction ................................................................................ 8

                2.      Alleged Failure of Process ........................................................................ 9

                3.      Divided Infringement ................................................................................ 9

                4.      Pleading Infringement ............................................................................. 10

                5.      *Alice* Eligibility ...................................................................................... 12

                6.      IMIC Followed The Law In Enforcing Its Patent .................................... 13

                7.      Shopify's Fee Demand Is Unreasonable .................................................. 14

V.      CONCLUSION ............................................................................................................ 15

# TABLE OF AUTHORITIES

## <u>CASES</u>

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
   797 F.3d 1020 (Fed. Cir. 2015) .................................................................................. 9, 10

*Alice Corp. Pty. Ltd. v. CLS Bank Int'l*,
   573 U.S. 208 (2014) .......................................................................................................... 12

*Amneal Pharm. LLC v. Almirall, LLC*,
   2020 WL 2961939 (Fed. Cir. 2020) ................................................................................ 5

*Ancora Techs., Inc. v. HTC Am., Inc.*,
   908 F.3d 1343 (Fed. Cir. 2018) ...................................................................................... 12

*Ashcroft v. Iqbal*,
   556 U.S. 662, 129 S.Ct. 1937 (2009) .............................................................................. 11

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544, 127 S.Ct. 1955 (2007) .............................................................................. 11

*Checkpoint Sys., Inc. v. All-Tag Sec. S.A.*,
   858 F.3d 1371 (Fed. Cir. 2017) ........................................................................................ 5

*CRST Van Expedited, Inc. v. E.E.O.C.*,
   ___U.S.___, 136 S. Ct. 1642 (2016) ................................................................................ 4

*Disc Disease Solutions Inc. v. VGH Solutions, Inc.*,
   888 F.3d 1256 (Fed. Cir. 2018) ...................................................................................... 11

*Genetic Veterinary Scis., Inc. v. LABOKLIN GmbH & Co. KG*,
   933 F.3d 1302 (Fed. Cir. 2019) ........................................................................................ 8

*Hensley v. Eckerhart*,
   461 U.S. 424 (1983) ............................................................................................................ 5

*Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*,
   426 F.3d 694 (3d Cir. 2005) ............................................................................................ 14

*Keith Mfg. v. Butterfield*,
   955 F.3d 936 (Fed. Cir. 2020) .......................................................................................... 4

*Koninklijke KPN N.V. v. Gemalto M2M GmbH*,
   942 F.3d 1143 (Fed. Cir. 2019) ...................................................................................... 12

*LKQ Corp. v. United States Dep't of Homeland Sec.*,
   369 F. Supp. 3d 577 (D. Del. 2019) .......................................................................... 10, 11

*Loughner v. The University Of Pittsburgh*,
    260 F.3d 173 (3d Cir. 2001) .................................................................. 14

*Munchkin, Inc. v. Luv n' Care, Ltd*.,
    ___F.3d___, 2020 WL 3041266 (Fed. Cir. 2020) ....................................... 5, 6, 10

*Nalco Co. v. Chem-Mod, LLC*,
    883 F.3d 1337 (Fed. Cir. 2018)................................................................ 11

*O.F. Mossberg & Sons, Inc. v. Timney Triggers, LLC*,
    955 F.3d 990 (Fed. Cir. 2020)............................................................... 4, 5

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
    572 U.S. 545, 134 S.Ct. 1749 (2014) ...................................................... 5

*Rayna P. v. Campus Cmty. Sch*.,
    390 F. Supp. 3d 556 (D. Del. 2019) ....................................................... 15

*Stone Basket Innovations, LLC v. Cook Med. LLC*,
    892 F.3d 1175 (Fed. Cir. 2018)................................................................ 7

*Super Interconnect Techs. LLC v. Sony Corp.*,
    2019 WL 4722677 (D. Del. 2019) ......................................................... 11

*Thermolife Int'l LLC v. GNC Corp*.,
    922 F.3d 1347 (Fed. Cir. 2019)................................................................ 7

*Travel Sentry, Inc. v. David A. Tropp*,
    877 F.3d 1370 (Fed. Cir. 2017)............................................................... 10

*Uniloc USA, Inc. v. LG Elecs. USA, Inc*.,
    957 F.3d 1303 (Fed. Cir. 2020)............................................................... 12

**STATUTES**

35 U.S.C. § 101 ............................................................................................ 12

35 U.S.C. § 285 ................................................................................... 1, 3, 4, 5

**RULES**

District of Delaware Local Rule 7.1.3(a)(4) ........................................................ 6

Fed.R.Civ.P. 4(f) ........................................................................................... 9

Fed.R.Civ.P. 4(h) ........................................................................................... 9

Fed.R.Civ.P. 4(k)(2) ........................................................................................ 8

Fed.R.Civ.P. 4(k)(2)(B) .................................................................................... 8

Fed.R.Civ.P. 4(m) ................................................................................................ 2

Fed.R.Civ.P. 41(a)(1)(A) ..................................................................................... 4

Fed.R.Civ.P. 41(a)(1)(A)(i) ........................................................................... passim

## I.  STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS

This case was terminated upon Plaintiff Internet Media Interactive Corp. ("IMIC") filing a Notice of Voluntary Dismissal pursuant to Fed.R.Civ.P. 41(a)(1)(A)(i). (D.I. 15). Defendant Shopify Inc. ("Shopify") thereafter filed a motion for attorney fees under 35 U.S.C. § 285. (D.I. 17, 18). This is IMIC's opposition to that motion.

## II.  SUMMARY OF ARGUMENT

1.  Shopify engages in *ad hominem*, while ignoring several reported governing decisions from the Federal Circuit Court of Appeals which directly contradict its arguments, and, indeed, precluded its motion.

2.  The Court cannot award attorney fees under 35 U.S.C. § 285 because Shopify is not a "prevailing party."

3.  Shopify's motion fails because Shopify failed to make the detailed, fact-based analysis of IMIC's litigating positions to establish they were wholly lacking in merit.

4.  Shopify has failed to prove that IMIC's Complaint lacked merit, much less prove that the Complaint was wholly lacking in merit. Shopify's arguments are again based on manifestly erroneous legal theories that contradict well-established law. IMIC acted properly under the law.

5.  Shopify has failed to comply with Third Circuit law to support its claim for an hourly rate of $1,295/hour.

## III.  STATEMENT OF FACTS

### A.  Present Litigation

IMIC filed the present case on March 25, 2020. (D.I. 1) Thereafter Shopify was served with the Complaint and Summons by service on The Corporation Trust Company, as registered agent. (D.I. 5). The Corporation Trust Company accepted the service which confirmed that it viewed itself as the registered agent for Shopify. (D.I. 5).

1

Thereafter, The Corporation Trust Company asserted that it erred in accepting service, as it was not a general registered agent for Shopify. (D.I. 19-1 at p. 34 of 94).

Even though the service of process was rejected by the registered agent after being initially accepted, the parties attempted to resolve the case, and the parties' discussions continued over several telephone calls and written communications. (Haller Declaration at ¶ 5) ("Haller Decl."). The sole discussions involved the terms of a license and release. (Haller Decl. ¶ 5). During the entire course of discussions, Shopify never asserted any of the facts or legal contentions that it now asserts in its motion, brief and exhibits.

The parties, unfortunately, could not resolve the case. When resolution failed, IMIC could have continued the case by litigating the issue of whether Shopify was estopped from denying that The Corporation Trust Company was its registered agent, or effecting service via long-arm statutes. However, Shopify never filed an Answer to the Complaint, and never filed any motion, and, thus, on May 29, 2020, IMIC chose to file a Notice of Voluntary Dismissal pursuant to Fed.R.Civ.P. 41(a)(1)(A)(i). (D.I. 15).[1]

### B.      Shopify Had Designated The Corporation Trust Company As Its Agent

IMIC acted reasonably when it attempted to serve Shopify by delivering the Complaint and Summons to The Corporation Trust Company at its registered location in Wilmington, Delaware. IMIC served The Corporation Trust Company because Shopify had identified The Corporation Trust Company as a registered agent in its filings with the U.S. Securities And Exchange Commission ("SEC"). The specific SEC filings were identified on Shopify's "investor" page on its website. See https://investors.shopify.com/financial-reports/default.aspx. (Haller Decl. ¶ 2).The

---

[1] At the time that IMIC filed its dismissal, IMIC still had until June 23, 2020 to accomplish service if Shopify was treated as a domestic entity, and there was no time limit for service on Shopify if it was treated as a foreign entity. Fed.R.Civ.P. 4(m).

SEC filings unequivocally identified The Corporation Trust Company as its "agent for service in the United States." (Haller Decl. ¶ 2, Exhibit A). In another filing, Shopify publicly represented that:

> [W]e appointed The Corporation Trust Company as our agent for service of process in the United States in connection with any investigation or administrative proceeding conducted by the SEC and any civil suit or action brought against or involving us in a United States court arising out of or related to or concerning the Offering ….

Haller Decl. ¶ 3, Exhibit B at p. S-3.

### C. Shopify Never Raised Its Asserted Deficiencies Prior To Dismissal

As demonstrated by the Declaration of Timothy J. Haller, contemporaneously filed, Shopify never raised any of the issues asserted as a basis for "exceptional case" or attorney fees at any time before IMIC voluntarily dismissed the Complaint. (Haller Decl. ¶ 5). Indeed, the only point by Shopify was that Shopify's registered agent had not forwarded the Complaint and summons to Shopify because the served registered agent had apparently erroneously accepted service. (Haller Decl. ¶ 5).

## IV. ARGUMENTS

### A. Shopify Is Not A Prevailing Party

Shopify seeks attorney fees under 35 U.S.C. § 285, which provides:

> The court in exceptional cases may award reasonable attorney fees to the prevailing party.

Shopify cannot recover attorney fees because Shopify is not a "prevailing party" as a matter of law. This case was terminated when Plaintiff filed a Notice of Voluntary Dismissal pursuant to Fed.R.Civ.P. 41(a)(1)(A)(i). (D.I. 15). The Court never became involved. Yet, the unequivocal law is that "judicial *imprimatur*" is required to find a "prevailing party":

The Court has said that the "touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties." This change must be marked by "judicial *imprimatur*."

*CRST Van Expedited, Inc. v. E.E.O.C.*, ___U.S.___, 136 S. Ct. 1642, 1646 (2016) (internal citation omitted).

More recently the Federal Circuit has specifically held that a voluntary dismissal of a patent infringement case pursuant to Fed.R.Civ.P. 41(a)(1)(A)(i) does not result in defendant being a "prevailing party" under 35 U.S.C. § 285. In *O.F. Mossberg & Sons, Inc. v. Timney Triggers, LLC*, 955 F.3d 990 (Fed. Cir. 2020), as in this case, the Plaintiff Mossberg filed a patent infringement action, but then voluntarily dismissed its suit under Rule 41(a)(1)(A)(i). Defendant Timney applied for attorney's fees under 35 U.S.C. § 285. The Court held that Defendant Timney was not a "prevailing party," stating:

> A properly filed Rule 41(a)(1)(A)(i) voluntary dismissal becomes effective immediately upon plaintiff's filing of the notice of dismissal. See Fed. R. Civ. P. 41(a)(1)(A) (for voluntary dismissals by the plaintiff "Without a Court Order," the plaintiff may "dismiss an action *without a court order*" (emphasis added)). Although the district court in this case entered a dismissal order after [Plaintiff] filed its notice of voluntary dismissal, that dismissal order had no legal effect.
>
> ****
>
> Because there is no final court decision here, Timney cannot be a prevailing party for purposes of attorney's fees under § 285. We therefore affirm the district court's decision that Timney is not a prevailing party.

*O.F. Mossberg & Sons, Inc. v. Timney Triggers, LLC*, 955 F.3d 990, 993 (Fed. Cir. 2020).

Shopify ignored this directly relevant governing authority, but, instead, cited *Keith Mfg. v. Butterfield*, 955 F.3d 936, 940 (Fed. Cir. 2020) to argue that a voluntary dismissal "bestows prevailing party status on the defendant." Shopify misstated the *Keith* decision, because the words "prevailing party" are never found in the decision, much less did the Court support Shopify's proposed conclusion. The parties failed to pursue the issue in *Keith*, and, thus, it was not addressed

by the Court. The issue was raised in *Mossberg*, and the Court held that the defendant was not a prevailing party in circumstances such as the present.[2]

In short, IMIC filed a Notice of Voluntary Dismissal, and there was no judicial *imprimatur*. As a matter of law, Shopify cannot be the prevailing party. Shopify's motion must be dismissed as a matter of law.

### B.    Shopify Has Not Presented An Adequate Record to Support § 285 Fees

The general rule is that our legal system adheres to the "American Rule" under which "each party in a lawsuit ordinarily shall bear its own attorney's fees." *Amneal Pharm. LLC v. Almirall, LLC*, 2020 WL 2961939 at *1 (Fed. Cir. 2020) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983)). 35 U.S.C. § 285 is an exception to the American Rule, and is available only to a prevailing party in an exceptional case. The Supreme Court has held that an exceptional case is:

> one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated. District courts may determine whether a case is "exceptional" in the case-by-case exercise of their discretion, considering the totality of the circumstances.

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014).

> Courts … do not award attorney's fees as "a penalty for failure to win a patent infringement suit." "The legislative purpose behind [35 U.S.C.] § 285 is to prevent a party from suffering a 'gross injustice,'" not to punish a party for losing.

*Munchkin, Inc. v. Luv n' Care, Ltd.*, ___F.3d___, 2020 WL 3041266 at *4 (Fed. Cir. 2020) (quoting *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014) and *Checkpoint Sys., Inc. v. All-Tag Sec. S.A.*, 858 F.3d 1371, 1376 (Fed. Cir. 2017)).

---

[2] In addition, Shopify cited various district court cases at pp. 9-10 of its brief. To the extent that any of the district court cases involved a voluntary dismissal under Rule 41(a)(1)(A)(i), the cases precede *O.F. Mossberg & Sons, Inc. v. Timney Triggers, LLC*, and, thus, are inapposite.

An additional legal principle is applicable here, because Shopify bases its fee claim on alleged deficiencies with IMIC's case which have never been considered by the Court. When a court has not considered the issues that support the claim for attorney fees, the governing law requires Shopify to "make the detailed, fact-based analysis of [plaintiff's] litigating positions to establish they were wholly lacking in merit." *Munchkin, Inc. v. Luv n' Care, Ltd.*, ___F.3d___, 2020 WL 3041266 at *4 (Fed. Cir. 2020).

Shopify's 12-page brief does not even attempt to provide "the detailed, fact-based analysis of [IMIC]'s litigating positions to establish they were wholly lacking in merit." *Munchkin*, *supra*.

The arguments set forth in Shopify's 20-page "Exhibit 1" (D.I. 19-1) cannot be substantively considered to support the motion for attorney fees, because it is not a memorandum or brief filed in support of Shopify's motion for attorney fees. The document was never filed in the Court as a motion or a brief. The document is merely an exhibit showing that Shopify was going to file a motion to dismiss. Although Shopify asks that "Exhibit 1" be "incorporate[d] by reference" (D.I. 18 at 6), any such action is impossible, because that would mean that Shopify had attempted a cheap subterfuge of circumventing the Local Rules, which provide that "[n]o opening … brief shall exceed 20 pages." District of Delaware Local Rule 7.1.3(a)(4). The combination of the actual brief in support of the motion for fees and Exhibit 1 would result in a brief that included 31 pages. Without having obtained leave to file a brief in excess of 20 pages, Shopify cannot incorporate "Exhibit 1" by reference.

### C.    Shopify Never Gave Notice Of Deficiencies To IMIC

Shopify never gave notice to IMIC of the alleged deficiencies prior to IMIC's dismissal. Shopify's failure justifies the Court denying Shopify's motion, because it is difficult to find an exceptional case based on legal theories which were never raised as issues prior to dismissal. See, for example:

one consideration that can and often should be important to an exceptional-case determination is whether the party seeking fees "provide[d] early, focused, and supported notice of its belief that it was being subjected to exceptional litigation behavior."

*Thermolife Int'l LLC v. GNC Corp.*, 922 F.3d 1347, 1357 (Fed. Cir. 2019) (quoting *Stone Basket Innovations, LLC v. Cook Med. LLC*, 892 F.3d 1175, 1181 (Fed. Cir. 2018)).

It is noteworthy that Shopify has not explained why it did not raise with IMIC any of the issues that it now argues should have mandated a dismissal of IMIC's lawsuit. Shopify's pregnant silence is significant. For example, if Shopify's arguments had any merit, then IMIC would have likely dismissed the case and Shopify would not have had to allegedly spend some $45,000 in writing its motion to dismiss. Indeed, if Shopify's legal theories had any merit – which they do not – one reasonable explanation for Shopify's failure to raise the issues during the parties' discussions was precisely not to induce IMIC to drop its case, so that Shopify could generate legal fees to thereafter assert against IMIC. It certainly would have been significantly less expensive for Shopify to present its arguments to IMIC during the discussions rather than preparing a motion, brief and exhibits to support a motion to dismiss.

Thus, Shopify's deficiency is significant not only because Shopify did not provide notice to IMIC of any deficiencies, which IMIC could have corrected had they had any merit – which they do not – but the failure also suggests that Shopify was setting IMIC up so that IMIC had no opportunity to correct any deficiencies before Shopify filed its motion. That sort of tactical behavior should not be encouraged by giving any credence to Shopify's motion.

### D.    Shopify Contradicts Governing Law In Arguing Deficiencies in IMIC's Case

Leaving to one side all the dispositive and procedural deficiencies cited above, Shopify's arguments in support of attorney fees demonstrates a shocking disregard for fundamental principles of law, as well as Shopify's disregard of governing precedent.

### 1.      Personal Jurisdiction

Shopify argues in its brief that is entitled to fees because:

> The Court lacked personal jurisdiction over the sole named defendant, Shopify Inc., which is a Canadian corporation that has no relevant contacts with the District of Delaware.

(D.I. 18 at 4). But, Shopify's argument is wholly meritless and contradicts unequivocal governing law. Given that Shopify is a Canadian corporation, and if Shopify is not subject to service of process in Delaware, then Fed.R.Civ.P. 4(k)(2) applies. That Rule provides that:

> For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if:
>
> (A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and
>
> (B) exercising jurisdiction is consistent with the United States Constitution and laws.

Under Rule 4(k)(2)(B), "'the forum is the United States,' as opposed to the state in which the district court sits." *Genetic Veterinary Scis., Inc. v. LABOKLIN GmbH & Co. KG*, 933 F.3d 1302, 1309 (Fed. Cir. 2019) (internal citation omitted).

Thus, Shopify's argument regarding Delaware contradicts the fundamental law that a foreign corporation can be sued in any federal district court, so long as the company has minimum contacts with the United States. Shopify's argument directly contradicts the governing law by asking the Court to consider its contacts with the State of Delaware, rather than its contacts with the United States as a whole. *Genetic Veterinary Scis.*, *supra*, 933 F.3d at 1310 ("Thus, the dispositive inquiry is whether the exercise of personal jurisdiction here comports with a due process analysis under the third requirement of Rule 4(k)(2)(B), and, more specifically, LABOKLIN's conduct and contacts <u>within the entire United States as the forum</u>") (emphases added).

Here, Shopify has not demonstrated that Shopify could not be sued in this Court based on its activities within the United States. It could not do so based on its SEC filings alone. (Haller Decl. ¶¶ 2-3, Exhibits A and B). Thus, Shopify's argument for fees is simply based on a misstatement of law that IMIC had to demonstrate minimum contacts with Delaware.

Further, even if we consider only Delaware, Shopify had filed public SEC documents that stated that The Corporation Trust Company in Delaware was its registered agent. (Haller Decl, ¶¶ 2-3, Exhibits A and B). The two relevant consequences of this action are that, first, IMIC was entitled to rely on Shopify's SEC filings to believe that The Corporation Trust Company in Delaware was, in fact, Shopify's agent. Second, it is not unreasonable to conclude that establishing a registered office in Delaware, even if limited for SEC purposes, is sufficient minimum contact to support general personal jurisdiction over Shopify in Delaware.

### 2.    Alleged Failure of Process

Shopify next argues in its brief that is entitled to fees because:

> IMI failed to serve Shopify domestically or outside of the United States in accordance with Federal Rules of Civil Procedure 4(f) and 4(h)

(D.I. 18 at 4). But, Shopify's argument is again wholly meritless and contradicts unequivocal governing law. Given that Shopify is a foreign entity, there was no time limit for service of process. It is truly preposterous for Shopify to argue IMIC's alleged failure to serve process before time had expired for IMIC to serve such process.

### 3.    Divided Infringement

Shopify next argues in its brief that is entitled to fees because:

> The complaint, which alleged a divided infringement theory, failed to provide any facts that plausibly demonstrate Shopify directed and controlled the actions of end users as required by *Akamai*. *See Akamai Techs., Inc. v. Limelight Networks, Inc*., 797 F.3d 1020, 1022-23 (Fed. Cir. 2015) (en banc).

(D.I. 18 at 4, 8). But, Shopify's argument ignores the Complaint and is again wholly meritless.

IMIC had recognized the potential divided infringement issue before it filed its Complaint and properly considered and addressed the issue in its Complaint. Thus, IMIC's Complaint specifically plead that the Complaint comported with *Akamai* and other governing law, and explained why:

> Defendant has directly infringed at least Claim 11 of the '835 Patent through the performance of all steps of the claimed method under the doctrine set forth in *Akamai Technologies, Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020 (Fed. Cir. 2015). See also *Travel Sentry, Inc. v. David A. Tropp*, 2016-2386 (Fed. Cir. Dec. 19, 2017). Defendant had the right and ability to stop or limit the infringement, did not do so, and has profited from such infringement.

Complaint, D.I 1 at ¶ 13. IMIC's pleading that "Defendant had the right and ability to stop or limit the infringement, did not do so, and has profited from such infringement" would have had to be considered true on any motion to dismiss. *LKQ Corp. v. United States Dep't of Homeland Sec.*, 369 F. Supp. 3d 577, 583 (D. Del. 2019) ("The court may grant a motion to dismiss only if, after 'accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, [the] plaintiff is not entitled to relief'").

Shopify may disagree with IMIC's legal analysis of *Akamai*, but Shopify has not even attempted to demonstrate that IMIC's legal analysis is so "wholly lacking in merit" as to meet the standard set forth in *Munchkin, Inc. v. Luv n' Care, Ltd.*, *supra*.

### 4.    Pleading Infringement

Shopify next argues in its brief that is entitled to fees because:

> The complaint failed to allege an act of infringement that occurred prior to the expiration of the '835 patent in August 2016.

(D.I. 18 at 4). Shopify's argument lacks any merit.

Shopify's arguments ignore that a Complaint needs only to provide notice, and does not have to prove Plaintiff's case. As this Court recently stated:

> A plaintiff … "need not prove its case at the pleading stage." The complaint need only "place the potential infringer on notice of what activity is being accused of infringement." …
>
> In *Disc Disease Solutions Inc. v. VGH Solutions, Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018), the Federal Circuit provided further guidance on pleading infringement when a case "involves a simple technology." The Court held in *Disc Disease* that in such a case, a complaint is "sufficient under the plausibility standard of *Iqbal/Twombly*" if it (1) names products accused of infringing the asserted patents, (2) includes photographs of the packaging of the accused products, and (3) alleges that the accused products meet every element of at least one claim of the asserted patents. *Id*. The Court reasoned that "[t]hese disclosures and allegations are enough to provide [a defendant] fair notice of infringement of the asserted patents." *Id.*

*Super Interconnect Techs. LLC v. Sony Corp.*, 2019 WL 4722677 at *1-2 (D. Del. 2019) (quoting *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018)).

Here, the Complaint sufficiently pled infringement, and there was no need to plead the expiration of the patent. Infringement could only occur prior to the time that the patent expired. Thus, by alleging infringement, IMIC by definition had asserted an act of infringement that occurred prior to the expiration of the '835 Patent in August 2016. Shopify cites no authority that would have required IMIC to specify anything further about patent expiration dates in its Complaint. Shopify asserts that "As an expired patent, IMI[C] was required to allege in the complaint an act of infringement prior to the patent's expiration, but not more than six years prior to the filing of the complaint." (D.I. 18 at 8). But, remarkably, Shopify does not cite any authority for the proposition. Again, a Complaint must be viewed "in the light most favorable to plaintiff." *LKQ Corp., supra.*[3]

Shopify further argues IMIC's Complaint includes an alleged inconsistency because IMIC alleged that Shopify "distributes advertisements through various media that instruct recipients to

---

[3] It should also be noted that counsel for the parties openly discussed "the liability window" in IMIC's "TAV" liability analysis which reflected the expiration of the patent. See Haller Decl. ¶ 5.

enter a code to redirect to a new location," but later on alleged "only that Shopify's use of Twitter and 'other online medium' as infringing." (D.I. 18 at 7). But IMIC alleged in Complaint that:

> Defendant Shopify owns, provides and operates the website www.shopify.com and related URLs. Defendant also distributes advertisements through various media that instruct recipients to enter a code to redirect to a new location. Specifically, Defendant operates the account "@Shopify" on Twitter, found at https://twitter.com/shopify.

(D.I. 1 at ¶ 6). Thereafter, IMIC demonstrated in detail how the process corresponded to the limitations of Claim 11 of the '835 Patent. (D.I. 1 at ¶ 12). There is no inconsistency at all, but merely Shopify presenting Complaint allegations out of context.

Finally, even if IMIC had been required to specifically plead the patent's expiration and entitlement to pre-expiration damages, the normal outcome would be that the Court would allow IMIC to replead the Complaint with the proper allegations. Shopify's argument could not have resulted in the dismissal of the case.

## 5.   *Alice* Eligibility

Shopify next argues in its brief that is entitled to fees because:

> The claims of the '835 patent are directed to patent-ineligible subject matter under 35 U.S.C. § 101.

(D.I. 18 at 4, 8). Shopify again argues that it is entitled to fees while ignoring the most recent governing authority as to 35 U.S.C. § 101. Specifically, Shopify ignores, both in its brief and even in its Exhibit 1, at least the following cases: *Uniloc USA, Inc. v. LG Elecs. USA, Inc*., 957 F.3d 1303 (Fed. Cir. 2020); *Koninklijke KPN N.V. v. Gemalto M2M GmbH*, 942 F.3d 1143 (Fed. Cir. 2019); and *Ancora Techs., Inc. v. HTC Am., Inc*., 908 F.3d 1343 (Fed. Cir. 2018), all of which should be dispositive of Shopify's arguments.

Shopify does not address Claim 11 of the '835 Patent at all, but merely propounds canned phrases from unrelated cases. There is no analysis of the type normally filed on § 101 motions in

this Court. For example, Shopify does not attempt to construe any of the claim limitations, and ignores this Court's prior construction of the Claim 11 terms. See Haller Decl. ¶ 4, Exhibit C.

In any event, even if the patent claims were patent-ineligible, a patent is presumed valid by statute. Shopify presents nothing to support its assertion that IMIC knew that its patent was invalid when it filed the present action.

### 6.    IMIC Followed The Law In Enforcing Its Patent

Shopify repeatedly belittles IMIC as a "troll" and makes bald pronouncements that IMIC filed the Complaint without adequate investigation. Shopify's first argument is legally indefensible, as the same patent system and law applies regardless of who owns the patent. IMIC filed a number of patent lawsuits, but that is because many companies incorporated IMIC's invention in its systems. The number of lawsuits reflects the success of the patented invention.

Shopify's "troll" based argument is also meritless because IMIC, the patent owner, is owned by the inventor of the patent, who developed and commercialized the invention. (Haller Decl. ¶ 6). Quite simply, the efforts and successes of Eric Gagnon's (inventor) lengthy career should be respected as opposed to being maligned. (Haller Decl. ¶ 6).

As support for its argument that IMIC filed the lawsuit without adequate investigation, Shopify cites only its legally-meritless arguments that Shopify was not subject to personal jurisdiction in Delaware and that IMIC had not yet served Shopify. In making these assertions, Shopify simply ignores the fact that it is Shopify who had publicly presented a registered agent in Delaware, and then distorts the governing law. Sections 1, 2, *supra*.

Shopify argues that IMIC used "a formulaic complaint" in filing its litigations. (D.I. 18 at 1). But, IMIC had asserted only one claim of one patent, and all the "Twitter Defendants" that had been accused of infringement were based on their use of Twitter. Thus, it would be expected that the all the complaints were similar. In fact, it would be questionable if IMIC had made inconsistent

allegations when asserting infringement of one claim of one patent against defendants practicing a common technology.

Shopify asserts that "For the few defendants who choose to challenge the allegations, IMI[C] strategically dismisses the case before the Court can reach the merits." (D.I. 18 at 1). But, there is no support for the assertion, and it is simply untrue.

Shopify cites seven district court cases at pp. 9-10 of its brief. But Shopify fails to analyze the various cases and compare them to the facts here. Merely throwing up seven cases with a short blurb as support for alleged "exceptionality" of the present case based on the "totality of circumstances" is unfair both to the Court and IMIC. Such shotgun citations of cases do not substitute for the careful analysis required by governing law.

### 7.      Shopify's Fee Demand Is Unreasonable

Shopify requests fees of $1,295 per hour. (D.I. 18 at 5). Shopify provides no support for an hourly rate that high. The law in the Third Circuit is well-established that "a reasonable hourly rate is calculated according to the prevailing market rates in the relevant community" and that Shopify had the burden of "establishing by way of satisfactory evidence, 'in addition to [the] attorney's own affidavits,' ... that the requested hourly rates meet this standard." *Loughner v. The University Of Pittsburgh*, 260 F.3d 173, 180 (3d Cir. 2001) (internal citations omitted). See also *Interfaith Cmty. Org. v. Honeywell Int'l, Inc*., 426 F.3d 694, 708 (3d Cir. 2005) ("We have settled that to determine 'the prevailing market rates in the relevant community,' a court must 'assess the experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.' … The party seeking fees 'bears the burden of establishing by way of satisfactory evidence, in addition to [the] attorney's own affidavits ... that the requested hourly rates meet this standard'") (internal citation omitted); *Rayna P. v. Campus Cmty. Sch*., 390 F. Supp.

14

3d 556, 564 (D. Del. 2019) ("Plaintiffs bear the burden of establishing their attorneys' reasonable rate. A reasonable hourly rate is calculated based on the prevailing market rates, determined based on 'the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation'") (internal citations omitted).

In this case in particular, the $1,295/hour hourly rate appears exorbitant, given Shopify's motion is so replete with arguments that disregard governing law, and consist of nothing but legal errors and *ipse dixit*. An attorney charging $1,295 per hour should not have filed a brief that contradicts governing Federal Circuit law that establishes that Shopify is not a "prevailing party" or that required Shopify to demonstrate with fact and law that IMIC's Complaint was unreasonable. A reasonable attorney should not file a brief that asserts that this Court lacked personal jurisdiction over a foreign entity based on the irrelevant and misleading argument that it had no contacts with Delaware while ignoring its contact with the forum, which was the entire country. A reasonable attorney would not have moved for attorney fees that demanded $1,295/hour without even addressing the requirements of governing law that movant was responsible for demonstrating that the requested hourly rate was reasonable in the relevant community.

V.    **CONCLUSION**

On the basis of the foregoing analysis of fact and law, IMIC respectfully requests that Shopify's motion for fees be Denied.

Dated: June 26, 2020                    Respectfully submitted,

                                        */s/ George Pazuniak*
                                        George Pazuniak (DE Bar 478)
                                        O'KELLY & ERNST, LLC
                                        824 N Market St, Ste 1001A
                                        Wilmington, DE 19801
                                        Phone: (302) 478-4230
                                        Fax: (302) 295-2873
                                        gp@del-iplaw.com

                                        **Attorneys for Plaintiff,**
                                        **Internet Media Interactive Corp.**