IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **INTERNET MEDIA INTERACTIVE CORP.,**<br><br>       **Plaintiff,**<br><br>v.<br><br>**SHOPIFY INC.,**<br><br>       **Defendant.** | Case No.: 1:20-cv-00416-MN |

**DECLARATION OF TIMOTHY J. HALLER IN SUPPORT OF
INTERNET MEDIA INTERACTIVE CORP.'S ANSWERING BRIEF
IN OPPOSITION TO SHOPIFY INC.'S MOTION UNDER 35 U.S.C. § 285**

I, Timothy J. Haller, declare as follows:

1. I am a resident of the United States and over the age of 21. I am counsel for Plaintiff Internet Media Interactive Corp. ("IMIC") in the above-captioned matter. I am a member in good standing for the State Bars of Illinois, Florida, and New York. I make this Declaration in Support of Internet Media Interactive Corp.'s Answering Brief in Opposition to Shopify Inc.'s Motion Under 35 U.S.C. § 285. I make this declaration on my own knowledge, and could competently testify regarding the facts and matters stated herein under oath if called upon to do so.

2. Exhibit A, attached hereto, is a true and correct copy of Shopify Inc. ("Shopify") Form 40-F for the fiscal year ended December 31, 2019, dated February 12, 2020, accessed through Shopify's Investor page for Financial Reports, available at https://investors.shopify.com/financial-reports/default.aspx and https://d18rn0p25nwr6d.cloudfront.net/CIK-0001594805/0efb0f8e-be6a-47d9-b0d6-11a92482dbd3.pdf, downloaded on June 25, 2019. Highlighting has been added to this document for the Court's convenience.

1

3.     Exhibit B, attached hereto, is a true and correct copy of Shopify Voluntary supplemental material filed pursuant to Section 11(a) of the Securities Act of 1933 by foreign issuers, dated May 11, 2020, accessed through Shopify's Investor page for Financial Reports, available at https://investors.shopify.com/financial-reports/default.aspx and https://d18rn0p25nwr6d.cloudfront.net/CIK-0001594805/b78f8f9e-bb6f-45f8-80ea-8709b1bbf5a6.pdf, downloaded on June 25, 2019. Highlighting has been added to this document for the Court's convenience.

4.     Exhibit C, attached hereto, is a true and correct copy of the claim construction Memorandum Order by Judge Sue L. Robinson in *IMIC [formerly Internet Media Corporation] v. Dell, Inc., et al.*, D. Del., 1:05-cv-00633, D.I. 175, issued January 14, 2009.

5.     On April 6, 2020, counsel for Shopify, Mark Reiter, contacted me by email indicating that he had been retained by Shopify and acknowledged that IMIC served the summons on March 25, 2020 and that the response thereto was due on April 15, 2020. Mr. Reiter went on to say that Shopify had "no record of being served and is not registered to do business in Delaware." See Exhibit D, attached hereto, which is a true and correct copy of the April 6, 2020 email from Mr. Reiter to me. There was confusion since the registered agent served (The Corporation Trust Company) had originally accepted service. Further, the fact that Shopify may not be registered to do business in Delaware did not seem to be relevant in view of its SEC related filings pertaining to The Corporation Trust Company in Delaware (see Exhibits A and B) and the fact that Shopify is a foreign entity, whereby personal jurisdiction is determined by its collective contacts with the United States. See Section IV.D.1. and IV.D.2. of the Answering Brief in Opposition, contemporaneously filed. In any event, Shopify sought an extension to respond to the complaint, which IMIC prepared and pursued ex parte on Shopify's behalf. See Exhibit E, attached hereto,

which is a true and correct copy of the April 8, 2020 email from my assistant, Katy Dickman, to Mr. Reiter attaching, among other things, a draft request for extension. During my communications with counsel for Shopify between April 6, 2020 and on or about May 21, 2020, the only topics discussed were a potential license and terms for a release, which included IMIC's liability analysis (see Exhibit E showing transmittal of a confidential, rule 408 draft agreement and IMIC's liability analysis "TAV"). In these communications with Mr. Reiter, a question was raised as to the limit of the liability window in the analysis. I clarified that for Mr. Reiter in an email on May 19, 2020, apparently to his satisfaction. At no time during our discussions did any counsel for Shopify raise the issues that now form the basis for Shopify's demand for attorney fees.

6. I note the extensive comments about IMIC, creating more than innuendo that IMIC is some sort of illicit patent owner ("serial plaintiff," "predatory litigation," "serial plaintiff who has abused the litigation system," "sued a large number of defendants to extract payments," "serial plaintiff brings a weak claim against multiple defendants for the purpose of extracting nuisance settlements," "predatory serial litigation" (D.I. 18 at 1-3, 8-9, 11)). I have known and represented the inventor, Eric Gagnon, for at least a decade. I have knowledge as to Mr. Gagnon's background. Mr. Gagnon's background is as follows:

> Mr. Gagnon initiated and managed the effort to design and develop consumer-side interface software for IBM and Apple personal computers, which was the predecessor technology to the common Web browsers, such as Netscape, Google Chrome, Firefox, and other applications used today.
>
> Mr. Gagnon's first book, *What's on the Internet*, was a printed guide to USENET newsgroups, which were the text-based online discussion groups that pre-dated the Web as we know it today.
>
> In September 1995, Mr. Gagnon self-published his second book, *What's on the Web*, a consumer-friendly "TV Guide"-style directory of approximately 1,200 top Web sites, with national distribution in bookstores.
>
> From 1996 to 2000, over one million copies of Mr. Gagnon's book, *What's on the Web*, were distributed.

From 1997 to 2005, Mr. Gagnon was involved in an extensive effort to license features, services, and technology to major media companies, such as newspapers, Yellow Pages publishers, television networks, and technology companies involving the patent in this civil action. The effort met with little success.

For several years Mr. Gagnon operated a going concern business with service and technology regarded as popular and useful to its customers.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 26, 2020.

                                                    Timothy J. Haller