**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| INTERNET MEDIA INTERACTIVE CORP.,<br><br>Plaintiff,<br><br>v.<br><br>SHOPIFY INC.,<br><br>Defendant. | Case No. 20-416-MN |

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR AWARD OF ATTORNEY FEES UNDER 35 U.S.C. § 285**

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ............................................................................................... 1

II. ARGUMENTS................................................................................................... 1

A. Shopify is the prevailing party under § 285 under the correct interpretation of Federal Circuit law..................................................................................................... 1

B. IMI's unreasonable conduct supports § 285 attorney's fees.......................................... 2

1. IMI failed to serve Shopify.......................................................................... 3

2. IMI cannot rely on Rule 4(k)(2) for personal jurisdiction, because it is predicated on proper service, and IMI failed to serve Shopify. ............................................................ 4

3. IMI's divided infringement arguments rest on citing case law without factual support. ..................................................................................................... 4

4. IMI is required to allege an act of infringement that occurred prior to its patent's expiration. ..................................................................................................... 5

5. IMI's patent is ineligible under § 101 and IMI had a responsibility to reassess its case in view of developments in the law. ..................................................................... 5

6. IMI's assertion that it "followed the law" is not the rubric by which courts measure whether a party has engaged in unreasonable behavior..................................................... 6

C. Shopify had no duty to inform IMI of the deficiencies in its complaint............................ 7

D. Shopify's request for attorney fees is reasonable. ............................................................ 9

III. CONCLUSION..................................................................................................... 9

# TABLE OF AUTHORITIES

Page

## Cases

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
797 F.3d 1020 (Fed. Cir. 2015) (en banc)....................4

*Alice Corp. Pty. Ltd. v. CLS Bank Int'l*,
573 U.S. 208 (2014)....................5

*Ancora Techs., Inc. v. HTC Am., Inc.*,
908 F.3d 1343 (Fed. Cir. 2018)....................6

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................7

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)....................7

*CRST Van Expedited, Inc. v. EEOC*,
136 S. Ct. 1642 (2016)....................2

*Elec. Power Grp., LLC v. Alstom S.A.*,
830 F.3d 1350 (Fed. Cir. 2016) ....................5

*Finnavations LLC v. Payoneer, Inc.*,
2019 WL 1236358 (D. Del. Mar. 18, 2019) ....................5

*Intellectual Ventures I LLC v. Capital One Fin. Corp.*,
850 F.3d 1332 (Fed. Cir. 2017)....................5, 6

*Kearns v. Chrysler Corp.*,
32 F.3d 1541 (Fed. Cir. 1994)....................5

*Keith Mfg. Co. v. Butterfield*,
955 F.3d 936 (Fed. Cir. 2020)....................2

*Koninklijke KPN N.V. v. Gemalto M2M GmhH*,
942 F.3d 1143 (Fed. Cir. 2019)....................6

*Kost v. Kozakiewicz*,
1 F.3d 176 (3d Cir. 1993)....................7

*Liqwd, Inc. v. L'Oréal USA, Inc.*,
2019 WL 6840353 (D. Del. Dec. 16, 2019)....................9

## TABLE OF AUTHORITIES

**Page**

*Lyda v. CBS Corp.*,
838 F.3d 1331 (Fed. Cir. 2016)....................4

*Merial Ltd. v. Cipla Ltd.*,
681 F.3d 1283 (Fed. Cir. 2012)....................4

*Mortg. Grader, Inc. v. First Choice Loan Servs. Inc.*,
811 F.3d 1314 (Fed. Cir. 2016) ....................6

*Munchkin, Inc. v. Luv n' Care, Ltd.*,
960 F.3d 1373 (Fed. Cir. 2020)....................2, 3

*O.F. Mossberg & Sons, Inc. v. Timney Triggers, LLC*,
955 F.3d 990 (Fed. Cir. 2020)....................1, 2

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
572 U.S. 545 (2014)....................2, 6, 7

*Parallel Iron LLC v. NetApp, Inc.*,
84 F. Supp. 3d 352 (D. Del. 2015)....................9

*Power Mosfet Techs., LLC v. Siemens AG*,
378 F.3d 1396 (Fed. Cir. 2004)....................2

*Raniere v. Microsoft Corp.*,
887 F.3d 1298 (Fed. Cir. 2018) ....................2

*SFA Sys., LLC v. Newegg Inc.*,
793 F.3d 1344 (Fed. Cir. 2015) ....................8

*Thermolife Int'l LLC v. GNC Corp.*,
922 F.3d 1347 (Fed. Cir. 2019)....................2, 7, 8

*Uniloc USA, Inc. v. LG Elecs. USA, Inc.*,
957 F.3d 1303 (Fed. Cir. 2020)....................6

**Rules**

Fed. R. Civ. P. 4....................3, 4

Fed. R. Civ. P. 12....................7

Local Rule 7.1.1....................7

## I. INTRODUCTION

As the undisputed facts demonstrate, this is an exceptional case, and the award of attorney fees is appropriate. Plaintiff, Internet Media Interactive Corp. ("IMI"), has asserted the same patent, which expired nearly four years ago, seventy-seven times. In each of the last sixty-three cases, IMI has relied on the same "theory" of infringement based on the defendant's use of Twitter. In each of the last fifty-five cases, and as it did here, IMI has reused the same basic complaint. IMI's cases have lasted an average of 99 days. And despite multiple notices of deficiency, IMI failed to serve Shopify. Faced with IMI's lawsuit, Shopify had two choices, acquiesce to IMI's bullying or fight back. Shopify chose to fight, and typical of a bully, when faced with a fight, IMI withdrew in search of new targets. Many courts have found this type of conduct exceptional and supportive of an award of attorney fees.

In its answering brief, IMI ignores these facts and the cases. Instead, IMI mischaracterizes Shopify's arguments, misstates the law and offers no reasonable explanation for its conduct. IMI should be held accountable for its behavior. Respectfully, the Court should find this case exceptional and award Shopify its reasonable attorney fees.

## II. ARGUMENTS

### A. Shopify is the prevailing party under § 285 under the correct interpretation of Federal Circuit law.

IMI asserts that Shopify missed a critical case—*O.F. Mossberg & Sons, Inc. v. Timney Triggers, LLC*, 955 F.3d 990 (Fed. Cir. 2020)—regarding Shopify's status as the prevailing party. IMI is wrong. Shopify did not miss the case; Shopify did not cite the case because it is inapposite. Unlike here, where IMI dismissed its claims *with prejudice*, in *Mossberg*, the plaintiff dismissed its claims *without prejudice. Id.* at 992. As a result, the Federal Circuit determined that there was no material alteration in the legal relationship between the parties and, hence, no final decision.

*Id.* at 992–93. The Federal Circuit thus concluded that "there [being] no final court decision here, [Defendant] cannot be a prevailing party for purposes of attorney's fees under § 285." *Id.* at 993.

IMI ignores the critical distinction between a dismissal with prejudice and one without. The "dismissal of a claim with prejudice . . . is a judgment on the merits under the law of the Federal Circuit . . . [and a defendant], which had all claims against it dismissed with prejudice, is therefore a prevailing party." *Power Mosfet Techs., LLC v. Siemens AG*, 378 F.3d 1396, 1416 (Fed. Cir. 2004). Consistent with this rule of law, in the case Shopify did cite—*Keith Mfg. Co. v. Butterfield*, 955 F.3d 936 (Fed. Cir. 2020)—the Federal Circuit held that a stipulated dismissal *with* prejudice did constitute a final decision such that a party could move for its attorney fees. *Id.* at 940. IMI likewise ignores that "a favorable judgment on the merits is not necessary for a defendant to be deemed a prevailing party for purposes of statutory fee-shifting." *See Raniere v. Microsoft Corp.*, 887 F.3d 1298, 1303 (Fed. Cir. 2018) (citing *CRST Van Expedited, Inc. v. EEOC*, 136 S. Ct. 1642, 1651 (2016)); *see also Munchkin, Inc. v. Luv n' Care, Ltd.*, 960 F.3d 1373, 1378 (Fed. Cir. 2020) (citing *Thermolife Int'l LLC v. GNC Corp.*, 922 F.3d 1347, 1356–57 (Fed. Cir. 2019)) (explaining that the absence of a fully litigated claim does "not create a basis to deny a fee motion"). Therefore, whether or not the Court "became involved," as IMI argues, is irrelevant. *See* D.I. 20 at 3. Because this case was dismissed with prejudice, Shopify is the prevailing party as a matter of law. *See Power Mosfet*, 378 F.3d at 1416.

**B. IMI's unreasonable conduct supports § 285 attorney's fees.**

Although it ignores the import of the quote, IMI correctly quotes the Supreme Court's decision in *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014), which held that an exceptional case is "one that stands out from others with respect to . . . the unreasonable manner in which the case was litigated." And IMI also correctly quotes the Federal Circuit's recent decision in *Munchkin*, where the Court confirmed that the purpose behind § 285 is to prevent a

party from suffering gross injustice. *See* 960 F.3d at 1378. IMI's unreasonable litigation conduct and the gross injustice inflicted as a result of that conduct form the basis for Shopify's motion. Here, IMI fired off another complaint against Shopify in its series of over seventy complaints, and hoped to coerce Shopify into paying to make the case go away, and when the coercion didn't work—but after Shopify expended effort and fees to defend the claims—IMI turned tail. That is unreasonable and that is a gross injustice.

It is this behavior that supports Shopify's demand for fees. Shopify does not ask the Court to make findings regarding the defects in the complaint. Instead, Shopify provided a copy of the motion to dismiss it prepared to show (1) that it had actually performed the work and (2) that the defects were objectively apparent, explaining IMI's decision to retreat from the case before those defects could be publicized to future defendants. As the following explains in more detail, IMI's challenges to the merits of Shopify's motion to dismiss, which contradict governing law and mischaracterize Shopify's arguments, are equally unavailing.

**1. IMI failed to serve Shopify.**

Shopify was never served, and IMI received notice of this deficiency. *See* D.I. 18 at 7. CT Corporation sent IMI a letter unequivocally stating so, and counsel for Shopify also notified IMI of the same. *See* D.I. 19, Ex. 1 at 33, 35; *see also* D.I. 20-5. While IMI tries to shift the focus away from its failure to effectuate proper service by arguing that the *time* for service had not expired, that argument fails to address that IMI (1) never responded to the notices of deficient service, (2) never sought a waiver of service, and (3) never took any action with the Court to effect service by an "internationally agreed means" under Federal Rule of Civil Procedure ("Rule") 4(f)(1). IMI's reliance on Shopify's SEC filings is also misplaced—the agent listed on those SEC filings is *not* Shopify's registered agent for service generally. Exhibit B to the Haller Declaration makes this clear: Shopify "appointed The Corporation Trust Company as [its] agent for service of

process in the United States in connection with any investigation or administrative proceeding conducted by the SEC and any civil suit or action brought against [it] in a United States court arising out of or related to or concerning the Offering of securities under this Prospectus Supplement." D.I. 20-3 at S-3. CT Corporation is not Shopify's agent for service generally, and correspondences from CT Corp. and Shopify's counsel reiterated that fact.

**2. IMI cannot rely on Rule 4(k)(2) for personal jurisdiction, because it is predicated on proper service, and IMI failed to serve Shopify.**

IMI cannot rely on Rule 4(k)(2) for personal jurisdiction. Rule 4(k)(2) requires "serving a summons or filing a waiver of service." Fed. R. Civ. P. 4(k)(2); *see also Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1295 (Fed. Cir. 2012). As explained, despite repeated notifications to IMI that Shopify had not been served, IMI never served Shopify, and Shopify never waived service. *See* D.I. 19, Ex. 1 at 33, 35; *see also* D.I. 20-5. Thus, IMI's reliance on Rule 4(k)(2) is improper.

**3. IMI's divided infringement arguments rest on citing case law without factual support.**

IMI also failed to support its divided infringement arguments with facts. Simply citing Federal Circuit cases addressing divided infringement (*see* D.I. 1 ¶ 13) does not provide the factual support needed for a well-pleaded complaint. Indeed, the Federal Circuit has held that a claim for divided infringement "requires pleading facts sufficient to allow a reasonable inference that all steps of the claimed method are performed and either (1) one party exercises the requisite 'direction or control' over the others' performance or (2) the actors form a joint enterprise such that performance of every step is attributable to the controlling party." *Lyda v. CBS Corp.*, 838 F.3d 1331, 1339 (Fed. Cir. 2016) (citing *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015) (en banc)).

**4. IMI is required to allege an act of infringement that occurred prior to its patent's expiration.**

IMI failed to plead an act of infringement that occurred prior to its patent's expiration. Contrary to IMI's argument, Shopify did not argue that IMI needed to plead the "expiration [date] of the patent." *See* D.I. 20 at 11. Rather, Shopify argued that IMI needed to plead an "act of infringement" had occurred "prior to the patent's expiration." *See* D.I. 18 at 8. The timing is critical because if the alleged act of infringement occurred after the patent's expiration, then there can be no infringement. *See Kearns v. Chrysler Corp.*, 32 F.3d 1541, 1550 (Fed. Cir. 1994) (stating that "there can be no infringement once the patent expires").

**5. IMI's patent is ineligible under § 101 and IMI had a responsibility to reassess its case in view of developments in the law.**

This Court has determined that cases are exceptional where ineligibility was apparent. *See, e.g., Finnavations LLC v. Payoneer, Inc.*, No. 1:18-cv-444, 2019 WL 1236358, at *1–2 (D. Del. Mar. 18, 2019). Here, IMI asserted a patent similar to patents courts have been routinely invalidating in the cases following *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208 (2014). Indeed, IMI's asserted patent, U.S. Patent No. 6,049,835 ("the '835 patent"), was merely directed to publishing a collection of information, which is an abstract idea, *see, e.g., Intellectual Ventures I LLC v. Capital One Fin. Corp.*, 850 F.3d 1332, 1340 (Fed. Cir. 2017) (determining that displaying web content was an abstract idea); *Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350, 1353–54 (Fed. Cir. 2016) (determining that "collecting information, analyzing it, and displaying certain results" is an abstract idea), implemented on generic computer components, *see, e.g., Alice*, 573 U.S. at 225–26 (holding that "implement[ing] the abstract idea . . . on a generic computer" was not sufficient "to transform an abstract idea into a patent-eligible invention"); *Intellectual Ventures I*, 850 F.3d at 1342 (Fed. Cir. 2017) (holding that "using generic computer components and conventional computer data processing activities" was not sufficient to find an "inventive

concept"); *Mortg. Grader, Inc. v. First Choice Loan Servs. Inc.*, 811 F.3d 1314, 1324–25 (Fed. Cir. 2016) (holding that generic computer components such as an "interface," "network," and "database" fail to satisfy the "inventive concept requirement" (internal quotation marks omitted)). *See also* D.I. 19, Ex. 1 at 23–24. And contrary to IMI's assertion that Shopify did not address Claim 11 in the motion to dismiss that it had prepared (D.I. 20 at 12–13), Shopify identified Claim 11 as "representative" and built its argument around Claim 11, while also addressing all other claims in the patent. D.I. 19, Ex. 1 at 22–24. Shopify thus clearly explained why IMI was unreasonable in filing the case in light of the glaring § 101 problems with the asserted patent.

In its effort to side-step the § 101 problems, IMI cites, without any explanation, three Federal Circuit cases and claims that those cases "should be dispositive of Shopify's arguments." *See* D.I. 20 at 12. The Federal Circuit upheld the eligibility of the claims in those three cases because it determined that the claims were directed to "improvements in existing technological processes and computer technology." *See Koninklijke KPN N.V. v. Gemalto M2M GmhH*, 942 F.3d 1143, 1149–50 (Fed. Cir. 2019); *see also Uniloc USA, Inc. v. LG Elecs. USA, Inc.*, 957 F.3d 1303, 1307 (Fed. Cir. 2020); *Ancora Techs., Inc. v. HTC Am., Inc.*, 908 F.3d 1343, 1348–49 (Fed. Cir. 2018). IMI has not shown how these cases apply to the '835 patent, because they do not. The '835 patent is not directed to an improvement in computer functionality. The patent describes that the '835 patent's preferred embodiment is a "printed publication" or "book." *See* '835 patent at 5:51, 56; *see also* D.I. 19, Ex. 1 at 23. Printed publications or books are certainly not improvements in computer functionality.

**6. IMI's assertion that it "followed the law" is not the rubric by which courts measure whether a party has engaged in unreasonable behavior.**

Following the law is not the standard that courts use to determine whether a case is exceptional or not. Under § 285, an exceptional case "is simply one that stands out from the others

with respect to the substantive strength of a party's litigating position . . . or the unreasonable manner in which the case was litigated." *See Octane Fitness*, 572 U.S. at 554. In its § 285 motion, Shopify gave multiple examples where district courts found plaintiffs who engaged in the same behavior as IMI were found to have engaged in unreasonable conduct rendering the case exceptional. *See* D.I. 18 at 9–10. Interestingly, IMI never substantively responds to these cases and only criticizes Shopify for listing so many cases. But it is precisely this large body of law that supports Shopify's position and demonstrates that IMI should have known better. In any event, IMI did not follow the law: IMI filed a complaint that ignored basic requirements, such as pleading facts, and IMI ignored personal jurisdiction and service of process requirements.

**C. Shopify had no duty to inform IMI of the deficiencies in its complaint.**

IMI attempts to shift the blame for its unreasonable litigation behavior to Shopify, asserting that Shopify's failure to give notice to IMI of the deficiencies in IMI's complaint counsel against finding IMI's conduct exceptional. But Shopify had no duty to inform IMI of the deficiencies in its own complaint prior to responding to the complaint. As the plaintiff, the burden fell on IMI to ensure that the allegations stated in the complaint were plausible and had merit. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). IMI, moreover, fails to cite to any rule of this Court, or elsewhere, that required Shopify to confer with IMI prior to preparing its motion to dismiss. The Local Rules of this District contain no such requirement for dispositive motions. *See, e.g.*, Local Rule of Civil Practice and Procedure of the United States District Court for the District of Delaware ("Local Rule") 7.1.1. Indeed, the purpose underlying Federal Rule of Civil Procedure 12 is to test the sufficiency of the complaint. *See, e.g.*, *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).

In making this argument, IMI again misrepresents the law. In *Thermolife*, while the Court stated that "one consideration" in awarding fees was whether the party seeking fees provided

notice, the Court determined that there was "no basis for finding the fee award in this matter to be an abuse of discretion because such notice was missing." *Thermolife*, 922 F.3d at 1358. In other words, there is no obligation to provide notice to the opposing party in order to recover fees; it is simply something that a court may consider as part of the calculus. The Federal Circuit has also explained that a further part of that calculus included a pattern of litigation abuses characterized by the repeated filing of patent infringement actions for the sole purpose of forcing settlements with no intention of testing the merits of the claims. *See SFA Sys., LLC v. Newegg Inc.*, 793 F.3d 1344, 1350–51 (Fed. Cir. 2015). Even so, at the very least, Shopify promptly provided IMI with notice that its service was insufficient—on multiple occasions. *See* D.I. 19, Ex. 1 at 33, 35; *see also* D.I. 20-5. IMI did nothing in response, indicating that any additional discussions regarding further deficiencies would have been similarly futile.

IMI completely avoids the simple fact that IMI initiated this lawsuit and hence the series of events that followed, including Shopify's obligation to prepare a response to the lawsuit. IMI offers no explanation for its behavior—the case filing and sudden dismissal with prejudice. IMI places much significance on the absence of notice provided by Shopify regarding the deficiencies in the complaint; however, IMI dismissed the case with prejudice on the day Shopify's response was due and before Shopify could get its motion on file. Thus, IMI's decision to dismiss the case with prejudice could not be dependent on Shopify's arguments, because it had no knowledge of what those were when it dismissed the case with prejudice. This leaves only one explanation—IMI had always planned on dismissing this case regardless of what Shopify did and cannot rely on Shopify's arguments that IMI learned after the fact as an excuse for suddenly dismissing its case. At bottom, IMI never had any intention of litigating this case. Had IMI genuinely wanted to litigate this case, its behavior in dismissing this case early is irreconcilable with that objective.

**D. Shopify's request for attorney fees is reasonable.**

Shopify's request for attorney fees is reasonable. The hourly rates requested are in line with what this Court has awarded in the past. For example, in a case litigated from 2017 to 2019, the hourly rate requested for the partners was $1,190 and the hourly rate for associates ranged from $705 to $875 with a 17.5% discount. *See Liqwd, Inc. v. L'Oréal USA, Inc.*, No. 17-cv-14-JFB-SRF, 2019 WL 6840353, at *12 n.2 (D. Del. Dec. 16, 2019). Given the passage of time, the rates charged in this case are comparable. And unlike in *Liqwd*, because of the short duration of this case, discounts had not been addressed. While IMI argues that the "hourly rate appears exorbitant," *see* D.I. 20 at 15, as demonstrated above, the fees requested are comparable to the prevailing rates in the relevant market. *See Parallel Iron LLC v. NetApp, Inc.*, 84 F. Supp. 3d 352, 361 (D. Del. 2015). Likewise, and as explained above, IMI's efforts to undercut the propriety of Shopify's counsel fall flat. Shopify's requested fee award based on the work done and rates charged is reasonable and IMI has presented nothing to the contrary.

**III. CONCLUSION**

This is a straightforward case. IMI has filed a total of seventy-seven cases and has filed the same complaint in the most recent fifty-five cases. As evidenced by an average pendency of 99 days, IMI routinely dismisses its cases early before the Court can reach any determinations on the merits. IMI then moves on to its next victim. These facts detail IMI's predatory litigation behavior. If there is another explanation for this, IMI has not given one. Courts have consistently found cases exactly like this exceptional and have awarded fees in order to deter this kind of behavior. Accordingly, Shopify respectfully requests that this Court find this case exceptional and award reasonable attorney fees.

Dated: July 6, 2020

Respectfully submitted,

MCCARTER & ENGLISH, LLP


*/s/ Daniel M. Silver*
Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
Renaissance Center
405 N. King Street, 8th Floor
Wilmington, DE 19801
(302) 984-6300
dsilver@mccarter.com
ajoyce@mccarter.com

*Attorneys for Defendant Shopify, Inc.*

OF COUNSEL:

Mark Reiter (admitted *pro hac vice*)
Y. Audrey Yang (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201
(214) 698-3100
mreiter@gibsondunn.com
ayang@gibsondunn.com

Brian M. Buroker (admitted *pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
(202) 955-8500
bburoker@gibsondunn.com