IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INTERNET MEDIA INTERACTIVE CORP., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) C.A. No. 20-416 (MN) ) |
| SHOPIFY INC., | ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION

George Pazuniak, O'KELLY & ERNST, LLC, Wilmington, DE – Attorneys for Plaintiff

Daniel M. Silver, Alexandra M. Joyce, MCCARTER & ENGLISH, LLP, Wilmington, DE; Mark Reiter, Y. Audrey Yang, GIBSON, DUNN & CRUTCHER LLP, Dallas, TX; Brian M. Buroker, GIBSON, DUNN & CRUTCHER LLP, Washington, DC – Attorneys for Defendant.

October 22, 2020
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

Presently before the Court is the motion of Defendant Shopify Inc. ("Defendant" or "Shopify") for an award of attorneys' fees under 35 U.S.C. § 285. (*See* D.I. 17). For the reasons set forth below, Defendant's motion is DENIED.

**I.      BACKGROUND**

On March 25, 2020, Plaintiff Internet Media Interactive Corp. ("Plaintiff") filed the present action, alleging that Defendant's provision of certain internet "advertisements" and links directly infringed claim 11 of U.S. Patent 6,049,835 ("the '835 Patent"). (D.I. 1 ¶ 26; *see also id.* ¶¶ 12-14). Shortly after this case was filed, the Court discovered that Plaintiff had failed to mark this case as related to many others filed in this District and others as required by Rule 3.1(b) of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware ("the Local Rules"). As such, on April 2, 2020, this Court issued an order for Plaintiff's counsel to show cause as to why it should not be sanctioned for the failure to comply with the requirements of Local Rule 3.1(b). (*See* D.I. 6). Plaintiff filed an amended civil cover sheet the next day and, on April 6, 2020, Plaintiff's counsel responded to the show-cause order, explaining that he failed to comply with Local Rule 3.1(b) because he followed the instructions on the form Civil Cover Sheet (JS 44), which only mentions listing pending cases.[1] (*See* D.I. 10). Then, on April 11, 2020, Plaintiff filed a stipulation to extend the time for Defendant to file an Answer to May 29, 2020. (D.I. 11). On May 29, 2020, Plaintiff filed a notice of voluntary dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). (D.I. 15). Prior to this

---

[1]     Local Rule 3.1(b) requires a plaintiff to list all cases in this District or others – pending or closed – that are "related" as defined by the Local Rule. *See* D. Del. L. R. 3.1(b) ("Counsel for a plaintiff in a civil action shall indicate on the civil cover sheet if said action is related to any other civil action ***previously decided or pending*** in this or any other federal district court." (emphasis added)). The Court expects litigants to comply with this Local Rule notwithstanding the instructions on the form Civil Cover Sheet (JS 44).

1

dismissal, the only docket activity on the part of Defendant was its Delaware counsel entering an appearance and filing several *pro hac vice* motions. (*See* D.I. 12, 13 & 14).

On June 12, 2020, Defendant filed the present motion seeking more than $45,000 in attorneys' fees under § 285. (*See* D.I. 17; *see also* D.I. 18 & 19). Briefing on Defendant's motion under was completed on July 17, 2020. (*See* D.I. 20 & 21).

## II.     LEGAL STANDARD

Section 285 of the Patent Act provides that a "court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. An exceptional case within the meaning of the statute is "one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). Whether a case is exceptional is a question committed to the Court's discretion, and the Court must consider the totality of the circumstances in reaching its conclusion. *Id.* In assessing the totality of the circumstances, the Court may consider, *inter alia*, "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 554 n.6. A party seeking attorneys' fees must show the case is exceptional by a preponderance of the evidence. *Id.* at 557-58. The Court may award attorneys' fees in "the rare case in which a party's unreasonable conduct – while not necessarily independently sanctionable – is nonetheless so 'exceptional' as to justify an award of fees." *Id.* at 555.

## III.    DISCUSSION

Before reaching the substance of Defendant's arguments on exceptionality, the Court must first address a threshold issue – *i.e.*, whether Defendant was a prevailing party in this case.

### A.     Prevailing Party Under § 285

Section 285 provides that the Court may award reasonable attorneys' fees in exceptional cases to the prevailing party.  As the Supreme Court has explained, "the touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties." *CRST Van Expedited, Inc. v. E.E.O.C.*, 136 S. Ct. 1642, 1646 (2016) (internal quotation marks and citation omitted); *see also Raniere v. Microsoft Corp.*, 887 F.3d 1298, 1306 (Fed. Cir. 2018) ("We hold *CRST* applies to our analysis of prevailing-party status under § 285, and that defendants need not prevail on the merits to be classified as a 'prevailing party.'").  The Supreme Court further noted that the change in the parties' legal relationship "must be marked by judicial *imprimatur*." *CRST*, 136 S. Ct. at 1646.  Plaintiff disputes that Defendant is a prevailing party here because the Court "never became involved" and thus the dismissal does not have the necessary judicial *imprimatur* to confer prevailing party status.  (*See* D.I. 20 at 3).  The Court disagrees.

In arguing that its voluntary dismissal precludes Defendant from being considered a prevailing party, Plaintiff relies on the recent Federal Circuit decision in *O.F. Mossberg & Sons, Inc. v. Timney Triggers, LLC*, 955 F.3d 990 (Fed. Cir. 2020).  There, the plaintiff had voluntarily dismissed the action ***without prejudice*** and the Federal Circuit found that such a dismissal was not a "final court order" sufficient to confer prevailing party status.  *See O.F. Mossberg & Sons*, 955 F.3d at 991 & 993.  Plaintiff's reliance on this case, however, is misplaced.  Dismissal without prejudice is fundamentally different than one with prejudice, particularly as it relates to the question of whether the parties' legal relationship has changed.  A voluntary dismissal without prejudice does not prevent a plaintiff from reasserting those same claims against defendant in another action.  Plaintiff seems to misunderstand the critical difference between the facts of *O.F.*

*Mossberg & Sons* and the facts of this case, the latter of which is more analogous to *Keith Manufacturing Co. v. Butterfield*, 955 F.3d 936 (Fed. Cir. 2020).

In *Keith Manufacturing*, the Federal Circuit found that a stipulated dismissal with prejudice and entered by the court constitutes a "judgment" for purposes of a motion for attorneys' fees under Federal Rule of Civil Procedure 54, rejecting the argument that an appealable judgment is a predicate for a motion for attorneys' fees under Rule 54(d). *See Keith Mfg.*, 955 F.3d at 939-40. Although it is true that the *Keith Manufacturing* opinion never uses the term "prevailing party" (*see* D.I. 20 at 4), the court's reasoning supports a conclusion that voluntary dismissals with prejudice can confer prevailing-party status for purposes of attorneys' fees. For example, the Federal Circuit explained that, "because both parties can move for attorney's fees, permitting a Rule 54(d) motion for attorney's fees after a stipulated dismissal will not affect the overall balance of litigation." *Keith Mfg.*, 955 F.3d at 940. This statement would have little meaning if attorneys' fees were unavailable because a voluntary dismissal with prejudice categorically precluded any party from becoming a prevailing party.[2]

Extending the reasoning of *Keith Manufacturing* to the facts here,[3] this Court concludes that Plaintiff's voluntary dismissal with prejudice under Rule 41(a)(1)(A)(i) rendered Defendant a prevailing party in this case. Although the dismissal here did not require the Court's approval (or any action by the Court) as was the case in *Keith Manufacturing*, the import of "with prejudice" is that Defendant can no longer be subject to the particular claim of infringement asserted in Plaintiff's Complaint. In the Court's view, this is the type of "material alteration of the legal

---

[2] The motion for attorneys' fees at issue in *Keith Manufacturing* included a request for fees under § 285. *See Keith Mfg., Co. v. Butterfield*, 256 F. Supp. 3d 1123, 1127 (D. Or. 2017), *vacated and remanded*, 955 F.3d 936 (Fed. Cir. 2020).

[3] The Federal Circuit left open the question of "whether a self-executing stipulation that the court plays no role in entering constitutes a judgment." *Keith Mfg.*, 955 F.3d at 940.

4

relationship of the parties" that is the touchstone of the prevailing-party inquiry. *CRST*, 136 S. Ct. at 1646. Indeed, were Plaintiff to initiate another suit against Defendant alleging the same infringement claim as in the Complaint in this case, Defendant need only point to this dismissal here to avoid those later claims because the dismissal was with prejudice. It is hard to imagine a defendant not being considered a prevailing party under these circumstances.[4]

Having determined that Defendant is a prevailing party such that attorneys' fees may be available, the Court turns to whether this case was exceptional within the meaning of § 285

### B.  Exceptionality Under § 285

*Octane Fitness* makes clear that an exceptional case must stand out with respect to the substantive strength of a party's litigating position or the unreasonable manner in which the case was litigated. *See Octane Fitness*, 572 U.S. at 554. Defendant does not seem to argue that Plaintiff's litigation positions were so substantively weak as to justify a finding of exceptionality,[5] instead focusing on the litigation tactics employed by Plaintiff that, in Defendant's view, were unreasonable and render this case exceptional within the meaning of § 285.

Defendant asserts that Plaintiff's case was "defective and unreasonable" for a number of reasons. (D.I. 18 at 6). First, according to Defendant, Plaintiff did not properly investigate whether Defendant – a Canadian corporation – was subject to personal jurisdiction in this District and, further, Plaintiff included no allegations regarding personal jurisdiction in its Complaint.

---

[4] It is likewise difficult to imagine how this dismissal with prejudice would have any more legal force with some type of judicial approval or action.

[5] Nor could it. The Court never had the opportunity to assess the sufficiency of Plaintiff's infringement allegations, let alone the strength of Plaintiff's litigation positions. Indeed, all that is before the Court is Plaintiff's Complaint and Defendant's motion for attorneys' fees (and the supporting documents). In ruling on a request for attorneys' fees, however, the Court is required to make findings of fact. *See* FED. R. CIV. P. 54(d)(2)(C). Here, the Court has nothing to support a finding that Plaintiff's litigation positions were so substantively weak that a finding of exceptionality is warranted.

(*See* D.I. 18 at 6-7).  Second, Plaintiff failed to properly serve Defendant despite at least two warnings from Defendant that service of process had not been effectuated.  (*Id.* at 7; *see also* D.I. 19, Ex. 1 at 30 & 35).  Third, Defendant attacks the form and substance of Plaintiff's Complaint, arguing that the pleading is "riddled with problems" as to the accused products and entities accused of infringement.  (D.I. 18 at 7).  In Defendant's view, Plaintiff's Complaint was effectively a recycled (and poorly proofread) version of complaints filed against numerous other defendants, demonstrating that "little effort" was expended by Plaintiff in investigating its claim of infringement against Defendant here or presenting a sensical pleading as applied to Defendant. (*Id.*).  Defendant also argues that the pleading was substantively deficient because it failed to properly allege joint infringement or any acts of infringement occurring prior to the expiration of the '835 Patent and, further, because the '835 Patent is "objectively" ineligible under 35 U.S.C. § 101.  (D.I. 18 at 7-8).  Finally, Defendant points to Plaintiff's conduct as a purportedly "serial plaintiff" that initiates lawsuits only to extract "nuisance settlements," noting that Plaintiff has filed over seventy cases asserting the '835 Patent against various defendants over the past fifteen years.  (*Id.* at 8-10; *see also id.* at 3).  In Defendant's view, all of this conduct – along with a voluntarily dismissal that unilaterally imposed terms of that dismissal on Defendant – constitutes an unreasonable manner of litigating sufficient to render this case exceptional under § 285.

As to Plaintiff's litigation tactics, the Court is unable to conclude that Plaintiff litigated this case in such an unreasonable manner to render the case exceptional.  Only two months elapsed between the time that Plaintiff filed its Complaint and voluntarily dismissed the case with prejudice.  (*See* D.I. 1 & 15).  Plaintiff did not force Defendant to engage in protracted motion practice or otherwise unreasonably prolong litigation.  And as to the specific conduct raised by Defendant in their briefing, the Court is unpersuaded that any of this rises to the level of

exceptionality. Defendant complains that Plaintiff did not properly serve Defendant, but roughly sixty days elapsed between the filing of the Complaint and dismissal with prejudice. Although Rule 4(m) does not impose time limits for serving a foreign corporation,[6] even if Defendant were a domestic corporation, the time limit for service had not elapsed. *See* FED. R. CIV. P. 4(m) (absent good cause, plaintiff must serve complaint within ninety days of filing). And as to the question of personal jurisdiction over Defendant, the Court cannot reach a conclusion either way as this issue was never before the Court. Moreover, upon a proper showing, that is something that Plaintiff may have sought to explore through jurisdictional discovery if the Court ultimately agreed that there were questions as to whether personal jurisdiction existed over Defendant here.

The sloppiness of Plaintiff's Complaint, however, is something that gives the Court more pause. The Court is certainly troubled by the apparent lack of effort expended by Plaintiff in putting together a respectable pleading in this case. Recycling old complaints without bothering to give a careful review to remove information unrelated to the current defendant is not an appropriate way to litigate. That being said, as to Defendant's complaints about the deficiencies in pleading various claims of infringement and the patent ineligibility of the '835 Patent, the Court has no basis to agree with Defendant. The Court did not rule on the sufficiency of the allegations in Plaintiff's Complaint or on the patent eligibility of the '835 Patent and, as such, the Court declines to find that either suggests Plaintiff was litigating in an unreasonable manner.[7]

---

[6] "[T]here is no requirement in the Federal Rules of Civil Procedure that a foreign corporation be served within a particular time. Nor has the Third Circuit Court of Appeals imposed such a requirement." *Wildcat Licensing WI LLC v. Audi AG*, No. 19-833-MN-JLH, 2020 WL 5798547, at *2 (D. Del. Sept. 29, 2020), *report and recommendation adopted*, No. 19-833 (MN) (JLH), 2020 WL 6060395 (D. Del. Oct. 14, 2020).

[7] As the Court recently explained, "§ 101 jurisprudence is hardly straightforward and rarely lends itself to easily predicted outcomes. . . . [I]t is a rare case when it is clear – at the outset or otherwise – that a patent will fall under § 101." *Rothschild Digital Confirmation, LLC,*

And here, the Court would be remiss not to mention that Defendant shares blame for the price tag of the litigation.  Defendant undertook the effort to draft a motion to dismiss, but the decision to prepare a motion rather than attempting to negotiate with Plaintiff is a risk that Defendant assumed.  The Court recognizes that Defendant had no obligation to engage in what it viewed as "nuisance settlement" negotiations with Plaintiff.  Yet Defendant could have shared with Plaintiff the bases for its anticipated motion to dismiss and perhaps Plaintiff would have folded earlier.  Indeed, Plaintiff's decision to voluntarily dismiss on its own suggests that it was willing to be convinced to drop its case.  Instead of doing that, Defendant accrued an incredible $45,332 in attorneys' fees in preparing a motion to dismiss that was never filed or argued.[8]  (*See* D.I. 19 ¶¶ 6-12).  And Defendant has continued to add to the price tag of this litigation by filing the present motion for attorneys' fees in a case where the only meaningful litigation events were the filing of a complaint and a voluntary dismissal with prejudice just two months later.

The Court must view all of the conduct set forth above, including the conduct of Defendant and any other relevant factors, in assessing the totality of the circumstances to determine whether this case is exceptional.  *See Octane Fitness*, 572 U.S. at 554 ("District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances."); *see also Gaymar Indus., Inc. v. Cincinnati Sub-Zero Prod., Inc.*, 790 F.3d 1369, 1373 (Fed. Cir. 2015) ("[T]he conduct of the parties is a relevant factor under *Octane*'s totality-of-the-circumstances inquiry, including the conduct of the movant . . . ." (footnote omitted)).  Plaintiff and its attorneys should have expended more than the minimal effort that it did to throw together a haphazard pleading.  But Defendant could have at least

---

*v. CompanyCam, Inc.*, No. 19-1109 (MN), 2020 WL 6043911, at *2 (D. Del. Oct. 13, 2020).

[8]   In fact, this $45,332 figure is ***only*** for preparing the motion and opening papers.

attempted to discuss the deficiencies it planned to raise in a motion to dismiss before spending tens of thousands of dollars on preparing a motion to dismiss. Both sides contributed in their own way to this apparently unnecessary litigation and the resulting price tag. In light of the totality of the circumstances,[9] the Court does not find this case exceptional and certainly not "so 'exceptional' as to justify an award of fees." *Octane Fitness*, 572 U.S. at 555; s*ee also Icon Health & Fitness, Inc. v. Octane Fitness, LLC*, 576 F. App'x 1002, 1005 (Fed. Cir. 2014) ("The Supreme Court's decision in *Octane* did not, however, revoke the discretion of a district court to deny fee awards even in exceptional cases.").

That being said, Plaintiff's inclusion of the language regarding costs and fees in its notice of dismissal was improper and misleading. (*See* D.I. 15 ("each party to bear its own costs, expenses and attorneys' fees")). Plaintiff's dismissal with prejudice was not a joint stipulation and Plaintiff cannot unilaterally impose those terms on Defendant. The Court is concerned by the possibility that Plaintiff deliberately included this language to give the appearance that Defendant had settled with Plaintiff, thereby being a potentially useful bargaining chip for future cases. To alleviate this concern, the Court will order that the offending language be stricken from the notice of dismissal. And to be clear, Plaintiff (and its counsel) are hereby warned that such misleading language will not be tolerated in future dismissals with prejudice where there has been no such agreement between the parties.

---

[9] The Court has considered all factors advanced by Defendant to support a finding of exceptionality, as well as those offered by Plaintiff in opposition, even if not explicitly addressed in this opinion. *See Univ. of Utah v. Max-Planck-Gesellschaft zur Foerderung der Wissenschaften e.V.*, 851 F.3d 1317, 1323 (Fed. Cir. 2017) (noting that the trial judge has "no obligation to write an opinion that reveals her assessment of every consideration" when denying attorneys' fees under § 285).

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion for attorneys' fees under § 285 (D.I. 17) is DENIED. An appropriate order will follow.